**Charles D. BALDWIN, d/b/a Baldwin Trucking Company, Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY, A DIVISION of AETNA LIFE and CASUALTY GROUP, Appellee.**

**No. 07–87–0027–CV.**

Court of Appeals of Texas, Amarillo.

May 26, 1988.

Rehearing Denied June 21, 1988.

Ben L. Sturgeon, Ben L. Sturgeon & Associates, Amarillo, for appellant.

James L. Wharton, Jones, Trout, Flygare, Moody & Brown, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is a suit by an insured against his insurer to recover damages incurred when the insurer refused to defend a claim alleg-

edly covered by the insurance policy. The insured, appellant Charles D. Baldwin, appealing from a summary judgment granted to the insurer, appellee Aetna Casualty & Surety Company, contends by three points of error argued collectively that (1) the claim was covered by the policy, (2) he was entitled to be reimbursed for paying the claim, and (3) his petition stated a cause of action. We affirm.

Baldwin owns a trucking company. Aetna sold him an insurance policy in which it agreed as follows:

> The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, *caused by an occurrence* and arising out of the ownership, maintenance or use, including loading or unloading, of any automobile. (Emphasis added.).

The policy then defines an occurrence:

> "Occurrence" means an accident, including continuous or repeated exposure to conditions which results in bodily injury or property damage neither expected nor intended from the standpoint from the insured.

While the policy was in effect, Baldwin was advised that he was going to be sued by the State of Texas for causing damage to state highways by repeated and intentional violations of article 6701d–11, the vehicle size and weight limitation statute.* Aetna refused to defend the claim on the ground that it was not covered by the policy, so Baldwin negotiated a settlement that, when fully paid, will cost him over $70,000.00.

After the settlement, Baldwin asked Aetna to indemnify him. When the company refused, this suit was filed. After discovery, Aetna moved for summary judgment, contending that the State's claim was based on willful misconduct, and that will-

ful misconduct is not covered by the policy. Summary judgment was granted and this appeal followed. Because Baldwin's points are argued collectively, we will dispose of them collectively.

Because this is an appeal from a summary judgment, the issues before us must be resolved within the framework of settled principles of summary judgment law. A movant earns a summary judgment by establishing (1) the absence of genuine issues of material fact and (2) the right to judgment under those undisputed material facts, as a matter of law, on grounds expressly stated in the motion. Tex.R.Civ. Pro. 166–A(c); *Delgado v. Burns*, 656 S.W. 2d 428, 429 (Tex.1983); *Whiddon v. Metni*, 650 S.W.2d 904, 905 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). The movant, against whom all doubts are resolved, has the burden of establishing both elements, *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979), and, when the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory plead. *Peirce v. Sheldon Petroleum Co.*, 589 S.W.2d 849, 852 (Tex.Civ.App.—Amarillo 1979, no writ). Thus, the defendant can prevail by conclusively establishing against the plaintiff at least one factual element of each theory plead by the plaintiff, *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970), or by conclusively establishing every factual element of an affirmative defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). Conversely, the plaintiff can bar the defendant's entitlement to a summary judgment by responding with evidence that creates a fact question on those elements of the plaintiff's case under attack by the defendant or on at least one element of each affirmative defense advanced by the defendant. *Torres v. Western Casualty & Surety Co.*, 457 S.W.2d 50, 52 (Tex.1970); *see also Puga v. Donna Fruit Co.*, 634

---

* Article 6701d–11, section 2(a) states:

Except as otherwise provided by law, no person may drive, operate, or move, nor may the owner cause or permit to be driven, operated or moved, on any highway, any vehicle or vehicles of a size or weight exceeding the limitations stated in this Act, or any vehicle or vehicles which are not constructed or equipped as required by this Act, or transport thereon any load or loads exceeding the dimensions or weight prescribed in this Act. Tex.Rev.Civ.Stat.Ann. art. 6701d–11, § 2(a) (Vernon 1977).

S.W.2d 677, 680–81 (Tex.1982). Accordingly, in this case, Aetna contends it conclusively negated one element of Baldwin's suit by proving that the claim was not covered by the policy; therefore, it had the duty to defend Baldwin.

In deciding whether it has a duty to defend under a policy, the insurance company compares the allegations of the complaint with the policy provisions. *Winn v. Continental Casualty Company*, 494 S.W. 2d 601, 603–05 (Tex.Civ.App.—Tyler 1975, no writ). If the complaint alleges a claim that is covered by the policy, the company must defend, regardless of the truth or falsity of the claim. *Argonaut Southwest Insurance Company v. Maupin*, 500 S.W. 2d 633, 635 (Tex.1973). Our courts have often held, however, that an intentional or willful act is not an "occurrence" as that term is defined in the policy in question here. *Argonaut Southwest Insurance Company, supra*, 500 S.W.2d at 635; *Winn, supra*, 494 S.W.2d at 603–05; *Southern Farm Bur. Cas. Ins. Co. v. Brock*, 659 S.W.2d 165 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.).

Our ultimate inquiry, then, is whether Aetna conclusively proved that the claim made by the State was not covered by the policy. To resolve that question, we examine the petition that would have been filed against Baldwin if he had not settled, because that petition is, for this case, the claim that was made. The first, and primary, allegation is that Baldwin placed his trucks on Texas highways "knowing" they were overweight in violation of article 6701d–11. Damages were then alleged "as a direct result of this Defendant's deliberate overloading said trucks." The State then alleged that "Defendant's repeated criminal law violations have created a nuisance per se and public nuisance," that "Defendant is a flagrant law violator" and that the "conduct of said Defendant in knowingly and intentionally causing its overweight trucks to be driven on Texas highways entitles the State to exemplary damages".

It is difficult to imagine more specific allegations of intentional wrongdoing. The entire case of the State is based on Baldwin's alleged intentional acts in continually sending out overweight trucks. Thus, we are satisfied that Aetna conclusively proved that the State's claim was based on intentional acts, that the policy does not cover intentional acts, and that Aetna successfully negated an element of plaintiff's cause of action.

Baldwin advances two primary arguments against the summary judgment. First, it points to the nuisance allegations, and states, correctly, that nuisance can be based on negligent acts. *Collins Construction Company of Texas v. Tindall*, 386 S.W.2d 218, 220 (Tex.Civ.App.—Eastland 1965, writ ref'd n.r.e.). Thus, reasons Baldwin, the nuisance allegations were allegations of non-deliberate acts that triggered the duty to defend.

In the abstract, the argument is sound. When applied to this claim, however, it must fail. It is apparent that the nuisance is based on the deliberate acts that are alleged throughout the petition, not on some otherwise unmentioned act of negligence.

Next, Baldwin points to his affidavit, wherein he denies that he ever "knowingly" overloaded his trucks, and says there is a fact question about the intentional nature of his conduct. However, both *Argonaut Southwest Insurance Company, supra*, and *Winn, supra*, make it clear that the intent of the insured is immaterial. The duty to defend is determined by the kind of claim advanced against the insured, not the insured's intent to commit the act that is the basis of the claim.

We conclude, therefore, that the trial court correctly granted Aetna's motion for summary judgment. Points of error one, two, and three are overruled.

The judgment is affirmed.