**ABERDEEN INSURANCE COMPANY, Appellant,**

v.

**Steve BOVEE and G.B.I., Inc., d/b/a Video One, Appellees.**

**No. 08–89–00089–CV.**

Court of Appeals of Texas, El Paso.

Aug. 23, 1989.

Rehearing Denied Sept. 20, 1989.

---

Robert E. Motsenbocker, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellant.

James M. Rush, McMahon, Tidwell, Hansen & Atkins, P.C., Odessa, for appellees.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

In a declaratory judgment action, the trial court granted the Appellees' Motion for Summary Judgment, finding that the Appellant owed a duty to defend Appellees on a pending lawsuit. We reverse.

Kimberly Pierce, a former employee of Appellee G.B.I., Inc., d/b/a Video One, sued the Appellees. She claimed she was an employee of the Appellees and was forced to resign because of sexual harassment on the job. At the time of this suit, Appellant, Aberdeen Insurance Company insured the Appellee corporation with a liability policy. Appellant was requested to defend the suit but refused, contending it was not obligated to defend under the policy. Finally, the Appellant agreed to undertake the defense under a reservation of right.

Appellant then instituted this declaratory action. Appellant sought to have the trial court determine that there was no coverage under the liability policy issued to the Appellee G.B.I. for damages for "emotional distress and mental anguish." Its position in the trial court and before this Court is that damages for emotional distress and mental anguish are not covered under the policy under the "bodily injury" provision.

Appellant and Appellees agree that the insurance contract is unambigious, and the sole question before the trial court was: DOES THE INSURANCE COMPANY HAVE A DUTY TO DEFEND THE INSURED IN THE KIMBERLY PIERCE LAWSUIT?

The trial court heard motions for summary judgment filed by Appellant and Appellees. The trial court denied Appellant's motion but granted the Appellees' Motion for Summary Judgment. The effect of the trial court finding was that "emotional distress and mental anguish" allegations in the Kimberly Pierce lawsuit entitled Appellees to a defense by Appellant under the "bodily injury" provision of the policy. We will not decide whether the trial court was correct in this regard because of our sustaining Point of Error No. Three.

Point of Error No. Three asserts the trial court erred in finding the insurance policy provided coverage for the injury alleged in Kimberly Pierce's lawsuit.

Kimberly Pierce's trial court pleadings were for money damages because of acts that occurred when she was an employee of Appellee corporation. Her cause of action asserted that as a female she was denied equal employment because of sexual harassment and discrimination conducted by Steve Bovee. Because of such action, she asserts she was forced to resign, thereby losing income from wages, prospective retirement benefits, social security, insurance coverage and other benefits. Because of this, she sought damages (actual and punitive) for mental anguish suffered. In the alternative, she alleged negligence on the Appellee corporation's part in allowing the Appellee Steve Bovee to continue to

work after the sexual harassment complaints had been brought to the attention of the corporation. In her prayer for relief, she sought:

(1) A declaratory judgment that plaintiff's rights were violated by defendants' acts and practices;

(2) A permanent injunction against the defendants prohibiting discriminatory practices;

(3) An order requiring defendants to provide back pay, employee benefits, social security benefits, and other affirmative relief including; but not limited to an affirmative action program;

(4) Punititve damages;

(5) Back pay and an additional sum equal to back pay as liquidated damages;

(6) The court to retain jurisdiction and require the defendant to file reports to evaluate compliance (we assume this is in regard to the Commission on Human Rights Act, Tex.Rev.Civ.Stat.Ann. art. 5221k (Vernon 1987)).

(7) Attorney's fees and costs;

(8) Additional relief as the court deems proper and just.

Based upon Kimberly Pierce's allegations and her prayer for relief, we find no policy provision that would create an obligation on Appellant's part to defend the Appellees in the Kimberly Pierce lawsuit. Even assuming that emotional distress and mental anguish constituted a "bodily injury", the undisputed facts assert that it was from and due to her employment with Appellee corporation. The liability policy issued to Appellee corporation specifically provides an exclusion from coverage for:

[B]odily injury to any employee of the insured ARISING OUT OF AND IN THE COURSE OF HIS EMPLOYMENT BY THE INSURED FOR WHICH THE INSURED MAY BE HELD LIABLE AS AN EMPLOYER OR IN ANY OTHER CAPACITY. [Emphasis added].

There simply was no duty on the part of Appellant Aberdeen Insurance Company to defend Steve Bovee and G.B.I., Inc., d/b/a Video One in the Kimberly Pierce lawsuit. Kimberly Pierce was an employee, and her action was against her employer for acts arising out of her employment. The liability coverage excluded such coverage.

Point of Error No. Three is sustained.

Because of the disposition of the appeal, by sustaining Point of Error No. Three, resulting in a determination of "no duty to defend," we find that it is unnecessary to discuss Points of Error Nos. One, Two and Four.

We reverse the judgment of the trial court and render judgment for Appellant that it owes no duty to defend the Appellees in the Kimberly Pierce lawsuit.