**OLD REPUBLIC INSURANCE CO., Plaintiff,**

v.

**COMPREHENSIVE HEALTH CARE ASSOCIATES, INC. and Steve Tarris, Jr., Defendants and Third–Party Plaintiffs,**

v.

**UNIGARD SECURITY INSURANCE CO., Third–Party Defendant.**

**Civ. A. No. 7–90–46–K.**

United States District Court, N.D. Texas, Wichita Falls Division.

March 25, 1992.

Mark Donheiser, Celeste Frank, Strasburger & Price, Dallas, Tex., for plaintiff.

Durwood D. Crawford, Goins, Underkofler, Crawford & Langdon, Dallas, Tex., for defendants and third-party plaintiffs.

Roy Lee Stacy, Michael G. Lee, Calhoun, Gump, Spillover & Stacy, Dallas, Tex., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

BELEW, District Judge.

Pending before the Court are Plaintiff Old Republic Insurance Company's ("Republic") Cross–Motion for Summary Judgment; Defendant/Third–Party Plaintiffs Steve Tarris, Jr. and Comprehensive Health Care Associates, Inc.'s ("CHCA") Partial Motion for Summary Judgment; and Third–Party Defendant Unigard Security Insurance Company's ("Unigard") Motion for Summary Judgment. After careful consideration of the Motions, Briefs, summary judgment evidence, and the applicable law, the Court is of the opinion that Republic's Cross–Motion for Summary Judgment and Unigard's Motion for Summary Judgment have merit and should be granted for the reasons that follow.

## BACKGROUND

This declaratory judgment action arises out of state court sexual harassment suit filed by former employees of CHCA. De-

lores Hankins, Glenda A. Robertson and Penny Y. Brasier were employed as nurses at a nursing home owned and operated by CHCA in Henrietta, Texas. Hankins, Robertson and Brasier claimed that Steve Tarris subjected them to sexual harassment that ultimately necessitated their resignation. On December 21, 1987, they filed suit in the 97th District Court of Clay County, Texas against Tarris and CHCA ("the *Hankins* litigation") alleging sexual harassment, discrimination, gross negligence and negligent hiring.

From April 1, 1987 to April 1, 1988, the period during which the *Hankins* litigation was pending, CHCA was insured against liability by Republic and Unigard. The Republic policy was a basic liability policy and the Unigard policy was an umbrella policy providing excess coverage. After receiving notice of the *Hankins* litigation, Republic and Unigard informed Tarris and CHCA that the insurance companies did not have a duty to defend. Tarris and CHCA ultimately provided their own defense, incurred $105,000 in attorneys' fees and received a verdict in their favor. The insurers now seek a judgment declaring their right to avoid payment of attorneys' fees and court costs.

## ANALYSIS

The issue before the Court is whether the insurers have a duty to defend a sexual harassment suit filed against an insured employer and its employee. Republic and Unigard contend that, (1) Tarris is not an insured, (2) the alleged intentional acts of Tarris were not "occurrences" within the definition of that term, and (3) the state court claims were the subject of specific policy exclusions. Although each of the contentions have merit,[1] the Court is of the opinion that it need only address whether the alleged acts of Tarris fall within the policy coverage for "occurrences."

▮▮▮ Any duty to defend arises out of the insurance policies between the parties.

Texas rules of interpretation construe insurance policies in favor of the insured. *Harbor Ins. Co. v. Trammell Crow Co.*, 854 F.2d 94, 99 (5th Cir.1988), *cert. denied*, 489 U.S. 1054, 109 S.Ct. 1315, 103 L.Ed.2d 584 (1989). An ambiguous policy, susceptible to more than one reasonable interpretation, must be construed in favor of the insured and permits recovery. *Ramsey v. Maryland Am. Gen. Ins. Co.*, 533 S.W.2d 344, 349 (Tex.1976). However, "[w]here no ambiguity exists, it is the duty of the court to enforce the policy in accordance with its plain meaning." *National Union Fire Ins. Co. v. Kasler Corp.*, 906 F.2d 196, 198 (5th Cir.1990) (citing *Puckett v. United States Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex.1984)). Consistent with these rules, "[a]n insurer is required to defend only those cases within the policy coverage." *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982). Thus, the Court's task today is to examine the policy, apply relevant caselaw, and determine whether ambiguity exists.

▮▮▮ In Texas, the insurers' duty to defend is based solely on the allegations in the state court petition. *Gomez v. Hartford Co. of the Midwest*, 803 S.W.2d 438, 441 (Tex.App.—El Paso 1991, error denied). Those allegations are to be considered "without reference to the truth or falsity of such allegations." *Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex.1973). "The court cannot consider evidence outside the policy and pleadings even if such evidence would tend to show that the suit was specious." *Gomez*, 803 S.W.2d at 441. "The duty to defend does not depend on what the facts are, or what might be determined finally by the trier of the facts. It depends only on what the facts are alleged to be." *Id.* at 636. *See American Alliance Ins. Co. v. Frito–Lay, Inc.*, 788 S.W.2d 152, 154 (Tex.App.—Dallas 1990, error dismissed) ("duty to defend is not affected by facts ascertained before suit, developed in the process of litigation, or by the ultimate outcome of the suit").

---

**1.** It is apparent that Tarris is not an "insured" under the policies and policy exclusions preclude any duty to defend. The policies at issue plainly and specifically exclude, inter alia, (1) bodily injury in the course of employment, (2) sexual abuse, (3) claims arising from the employment relationship, and (4) employment discrimination.

Furthermore, "the intent of the insured is immaterial. The duty to defend is determined by the kind of claim advanced against the insured, not the insured's intent to commit the act that is the basis of the claim." *Baldwin v. Aetna Cas. & Sur. Co.*, 750 S.W.2d 919, 921 (Tex.App.—Amarillo 1988, error denied).

■ With these principles in mind, the Court determines whether Republic and Unigard had a duty to defend. The Original Petition in the *Hankins* litigation, filed December 21, 1987, described the following facts as the basis for the allegations:

> Plaintiffs would show that beginning from when Steve Tarris, Jr. first became the Administrator for Comprehensive Health Care, Plaintiffs were singularly and individually subjected to sexual advancements, sexual innuendos, harassing remarks and demands for sexual favors by Defendant, Steve Tarris, Jr., who implied that Plaintiffs' acquiesce would assure their success as employees with Comprehensive Health Care/Henrietta Care Center. Upon Plaintiffs' negative reactions to his demands, Defendant, Steve Tarris, Jr., insinuated that Plaintiffs would not get pay raises; that he would not sign their pay checks or possibly not release their check to them; threatened to tamper with personal property belonging to them; that they would not be able to continue as employees with Comprehensive Health Care/Henrietta Care Center; that working conditions and scheduling might be changed to a less than desirable atmosphere; and threatened that they would be unemployable in their chosen field either in this area or another.

Plaintiffs in the *Hankins* litigation further alleged that the acts by Tarris were committed within the scope of his employment and under the supervisory control of CHCA. Specifically, they alleged that they reported the facts to CHCA supervisors and that those supervisors considered the allegations to be exaggerated, insignificant and fabricated. Claims in the petition include: (1) gender-based discrimination, (2) sexual harassment and discrimination leading to acute emotional distress, (3) ratification of the discriminatory conduct by CHCA, (4) retaliation for pursuing the claims, (4) violation of the Equal Rights Amendment of the Texas Constitution, (5) violation of the Texas Human Rights Commission Act, (6) negligence per se, and (7) negligent hiring.

After reviewing the petition, the Court is not persuaded by the argument that the allegations are severable and, therefore, insurers owe a separate and distinct duty to defend CHCA. To the contrary, each and every allegation arises out of the alleged acts of sexual harassment. Finding a separate and distinct duty to defend CHCA would necessarily require proof of the underlying sexual harassment. The allegations are not mutually exclusive; rather, they are related and interdependent. *See Thornhill v. Houston Gen. Lloyds*, 802 S.W.2d 127, 130 (Tex.App.—Fort Worth 1991, no writ). Without the underlying sexual harassment there would have been no injury and obviously, no basis for a suit against CHCA for negligence. *See Centennial Ins. Co. v. Hartford Accident & Indem. Co.*, 821 S.W.2d 192, 194 (Tex. App.—Houston [14th Dist.] 1991, no writ) (citing *McManus*, 633 S.W.2d at 790). Therefore, the Court finds that ultimate issue is not whether the insurers had a duty to defend CHCA individually; rather, it is whether the policies cover alleged intentional acts constituting sexual harassment.

■ Intentional or willful acts are not "occurrences" as that term is commonly defined in insurance policies. *See Argonaut Southwest Ins. Co.*, 500 S.W.2d at 635; *Baldwin*, 750 S.W.2d at 921. The policies at issue here both provide that insurance coverage is limited to an "occurrence." Defendants contend that the definition of "occurrence" pertaining to the "Republic Policy" includes "those damages 'neither expected nor intended from the standpoint of the insured.'" Similarly, the Unigard policy contains the following definition: "'Occurrence' means an accident, including continuous or repeated exposure to conditions, which results in personal in-

jury, property damage or advertising liability neither expected nor intended from the standpoint of the insured." There is no doubt that the state court petition alleges intentional acts and, therefore, the only remaining question is whether the policies unambiguously exclude those intentional acts from coverage.

After carefully reviewing available caselaw, the Court concludes that identical or substantially similar definitions of "occurrence" have been consistently interpreted as excluding coverage for intentional acts. *See Fidelity & Guar. Ins. v. City of Kenner,* 894 F.2d 782, 783 (5th Cir.1990) (alleged anti-union conduct of city employees in supervisory positions is not an "occurrence"); *Vaughner v. Pulito,* 804 F.2d 873, 876 (5th Cir.1986) (civil rights violations excluded from coverage by definition of "occurrence"); *Berry v. McLemore,* 795 F.2d 452, 456–58 (5th Cir.1986) (due to "occurrence" provision, town's insurance policy did not cover tortious acts of town employee); *Argonaut Southwest Ins. Co.,* 500 S.W.2d at 634–35 (intentional removal of property not an "occurrence"); *Baldwin,* 750 S.W.2d at 920 (owner of trucking company not entitled to coverage for intentional damage to state highways caused by company's trucks).

Absent controlling Texas authority, the only "possible" ambiguity that the Court could find in the policies and facts of this case is that the petition in the *Hankins* litigation alleges damages resulting from sexual harassment. Although the parties apparently did not find it, controlling Texas authority does exist. In the factually identical case of *Aberdeen Ins. Co. v. Bovee,* 777 S.W.2d 442 (Tex.App.—El Paso 1989, no writ), the court reviewed the trial court's holding that the insurer had a duty to defend sexual harassment claims. Plaintiff Kimberly Pierce claimed that she was forced to resign because of sexual harassment on the job. She claimed damages for emotional distress, sexual harassment, discrimination and negligence of the employer. The insurer filed a declaratory judgment action and the trial court granted summary judgment in favor of the insured employer. *Aberdeen Ins. Co.,* 777 S.W.2d at 443–44. After examining the allegations, the court of appeals reversed the trial court and held "we find no policy provision that would create an obligation on Appellant's part to defend Appellees in the Kimberly Pierce lawsuit." *Id.* at 444.

## CONCLUSION

After careful consideration of the briefs, summary judgment evidence and applicable law, the Court finds that the insurers in this case did not have a duty to defend the *Hankins* litigation that arose out of petitioners' claims of sexual harassment. Such claims allege intentional acts that are not "occurrences" for the purpose of policy coverage and there is no policy provision that creates a duty to defend under the facts of this case. The Court finds that there are no material facts in dispute and the movant insurers are entitled to judgment as a matter of law.

Therefore, pursuant to Rule 56 of the Federal Rules of Civil Procedure, it is hereby ORDERED that Plaintiff Republic's Cross–Motion for Summary Judgment is GRANTED.

It is further ORDERED that Third–Party Defendant Unigard's Motion for Summary Judgment is GRANTED.

It is also ORDERED that the Motion for Partial Summary Judgment filed by Defendant/Third–Party Plaintiffs Steve Tarris, Jr. and CHCA is hereby DENIED.

The Court's Judgment in conformance with this Memorandum Opinion and Order shall be entered this same date.

IT IS SO ORDERED.