## UNION MUTUAL INSURANCE COMPANIES OF PROVIDENCE

v.

## Harry Moore STOTTS and Alice Roofing and Sheet Metal Works, Inc., Albert Rodger Armstrong, and Betty Lou Armstrong.

### No. 4:91–CV–508–Y.

United States District Court,
N.D. Texas,
Fort Worth Division.

Feb. 26, 1993.

Michael R. Buchanan, Shawn Alan Harden, Dallas, TX, for plaintiff.

Alfred J. Jackson, Jr., Fort Worth, TX, Ronald J. Shaw, San Antonio, TX, for defendants.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MEANS, District Judge.

Pending before the Court is a Motion for Summary Judgment filed by plaintiff UNION MUTUAL on October 2, 1991. After carefully considering said motion and response, this Court is of the opinion that it is meritorious and should be GRANTED.

Plaintiff Union Mutual brought this declaratory judgment action to determine Union

Mutual's duties and obligations under an insurance policy in regard to a state court lawsuit filed by defendant Harry Moore Stotts against defendants Alice Roofing and Sheet Metal Works, Inc., Albert Rodger Armstrong and Betty Lou Armstrong (collectively "Alice Roofing"). Union Mutual asserts that it has no duty to defend or indemnify Alice Roofing for the claims asserted by Stotts.

## I.

The undisputed facts reveal that Harry Moore Stotts was an employee of Staffing Systems, Inc., a corporation organized under Texas state law. Staffing Systems is in the business of leasing employees in various building trades. Alice Roofing & Sheet Metal Works entered into a written contract with General Dynamics Corporation ("GD") to repair and replace a roof at its Fort Worth plant. As the general contractor for the GD project, Alice Roofing & Sheet Metal Works contacted Staffing Systems and requested that it provide certain persons with specialized skills to assist in the GD project. Stotts, an employee of Staffing Systems, was one of the employees leased to Alice Roofing & Sheet Metal for the GD project. On June 3, 1989, Stotts alleges that, while working on the GD roof project, he sustained permanent injuries to his back, feet and body when he slipped on a wet metal roof panel and slid approximately thirty feet to the concrete surface. Stotts acknowledges that the re-roofing project was under the supervision and control of Alice Roofing & Sheet Metal.

Union Mutual issued a commercial general liability policy, policy number 9D505–40–90, to Agco, Inc. and/or Alice Roofing and Sheet Metal Works, Inc. This policy was valid and in full force and effect as of June 3, 1989, the date of Stotts's injury.

On May 31, 1991, Stotts filed plaintiff's original petition in the 74th District Court, McLennan County, Texas, cause number 91–1910–3, styled *Harry Moore Stotts v. Staffing Systems, Inc., Redge A. Henline, Alice Roofing & Sheet Metal Works, Inc., Albert Rogers Armstrong and Betty Lou Armstrong.* The essence of Stotts's pleading in the state court action is that Alice Roofing conspired to deprive Stotts of workers' compensation insurance with a reputable insurance carrier. Stotts asserts that he was deprived of those benefits resulting from his on-the-job injury because of the alleged conspiracy. Stotts's conspiracy allegation is based on the theory that he was hired to perform work for Alice Roofing, but was carried on the payrolls of Staffing Systems so that Alice Roofing could avoid paying higher workers' compensation insurance premiums. Stotts, however, is not suing Alice Roofing for the physical injuries incurred because of his on-the-job injury. Rather, Stotts is suing for damages caused to him by the alleged conspiracy to deprive him of insurance coverage. Specifically, Stotts's damages are that he has been denied workers' compensation benefits, including medical expense coverage, that he has been subject to humiliation, embarrassment and mental anguish, and that he has been denied the right to work for these defendants.

Union Mutual's policy applies to "bodily injury" and "property damage" only if:

a. the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

b. the "bodily injury" or "property damage" occurs during the policy period.

 Union Mutual's policy covers bodily injury and property damages caused by an occurrence. An "occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Under Texas law, intentional and deliberate acts are not occurrences. *See Argonaut Southwest Ins. Co. v. Maupin,* 500 S.W.2d 633 (Tex. 1973); *Baldwin v. Aetna Casualty & Surety Co.,* 750 S.W.2d 919 (Tex.App.—Amarillo 1988, no writ).

 Alice Roofing asserts that Stotts's pleading in the underlying litigation states an occurrence because the on-the-job injury was an accident, thereby falling within the definition of occurrence. In his pleading, however, Stotts is not seeking damages for his on-the-job injury. Rather, Stotts claims that Alice Roofing and the other defendants conspired to circumvent the Texas workers' compensa-

tion laws to deprive him of workers' compensation coverage by a "fronting" scheme. Stotts's allegations are based on intentional deliberate conduct. This Court finds that these allegations do not allege an "occurrence" as defined in the policy.

■ Moreover, the policy defines bodily injury as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Absent some physical injury to a claimant's body, claims of humiliation, embarrassment and mental anguish do not constitute bodily injury. *See Bituminous Fire & Marine Ins. Co. v. Izzy Rosen's, Inc.*, 493 F.2d 257, 260–61 (6th Cir.1974)

■ It is undisputed that Stotts claims to have sustained serious bodily injury as a result of his on-the-job accident. A plain reading of his pleading in the underlying action, however, reveals that he is not seeking damages for those bodily injuries. Rather, Stotts is seeking damages because he was allegedly fraudulently deprived of workers' compensation insurance to cover those injuries. Accordingly, this Court finds that Stotts has not alleged any type of bodily injury as defined in the policy. This Court also notes that Stotts's claim in the underlying litigation does not seek "property damage" as that term is defined in the policy.

■ Finally, this Court notes that Stotts's claim in the underlying litigation is excluded by exclusion (e) which excludes bodily injuries to employees injured in the course and scope of their employment. Stotts's claim in the underlying litigation is based on his assertion that he was, in fact, an employee of Alice Roofing. Stotts alleges that he and other employees were actually hired by Alice Roofing, but were carried on the payroll of another corporation for purposes of evading the Texas workers' compensation laws. Taking Stotts's pleading that he was employed by Alice Roofing as true, and noting that the policy specifically excludes injuries to employees, this Court finds that the plain language of exclusion (e) applies to deny coverage.

Pursuant to FED.R.CIV.P. 56, summary judgment is appropriate if the movant establishes, through the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, that there are no genuine issues as to any material fact and that the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327–29, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). Plaintiff's summary judgment evidence consists of a copy of Union Mutual's insurance policy issued to Alice Roofing & Sheet Metal Works, Inc. and a copy of the petition in state court action 91–1910–3. Defendants' evidence in opposition to Plaintiff's motion for summary judgment consists of the affidavit of Rene Sears.

■ The basic thrust of Stotts's complaint is that Alice Roofing and others conspired to devise a scheme to deprive their employees of workers' compensation with a reputable insurer. This Court finds that these are not the sort of claims covered by a general liability policy. Accordingly, this Court finds that Union Mutual has no duty to defend or indemnify Alice Roofing for the claims asserted by Stotts in the underlying litigation. It is, therefore, ORDERED that Plaintiff's motion for summary judgment is GRANTED.

SO ORDERED.