896 F.Supp. 645 (1995)
METROPOLITAN PROPERTY AND CASUALTY COMPANY
v.
Gary MURPHY and Brandi Bills.
No. 4:94cv95.
United States District Court, E.D. Texas, Sherman Division.
March 2, 1995.
*646 Russell J. Bowman, Cozen and O'Connor, Dallas, TX, for plaintiff.
Mark A. Ticer, Dallas, TX, for defendants.

ORDER
PAUL N. BROWN, District Judge.
This is a suit by Metropolitan Property and Casualty Company ("Metropolitan") to determine its duties under its Texas standard homeowner's policy to defend and/or indemnify defendant Gary Murphy ("Murphy") concerning a lawsuit filed against him in the 211th District Court of Denton County, Texas, by defendant Brandi Bills ("Bills"). Pending before the Court are motions for summary judgment filed by Metropolitan and Bills. Murphy has been served with the complaint and summons in this case, but has not answered and has not requested Metropolitan to defend the lawsuit filed by Bills.

Background
At all times material to this case, Murphy was insured under a Texas homeowner's policy  Form B ("the policy") issued by Metropolitan. The policy provided coverage only for claims made or suits brought against the insured because of bodily injury or property damage caused by an "occurrence." The term occurrence is specifically defined in the policy as:
"Occurrence" means an accident, including exposure to conditions, which results in bodily injury or property damage during the policy period.
Bills sued Murphy in state court alleging various claims in tort based on the following factual allegations:
Plaintiff resided at the home of Defendant for a period of over one year. When Plaintiff moved from said residence, she discovered the Defendant had been secretly watching her shower, bathe, dress and sleep. Plaintiff discovered the Defendant *647 had drilled holes in her bathroom wall to watch her.
As a result of the Defendant's conduct, Plaintiff has suffered damages including mental anguish.
Metropolitan filed its motion for summary judgment, asserting that it had no duty to defend Murphy in Bills' state court suit because Bills' allegations did not establish the required occurrence necessary for coverage and that any injury sustained by Bills as a result of Murphy's actions was an intentional injury subject to the intentional injury exclusion contained in the policy. After Metropolitan filed its motion for summary judgment, Bills amended her suit against Murphy and alleged the following facts:
Plaintiff resided at the home of Defendant for a period of over one year. When Plaintiff moved from said residence, she discovered holes in the wall in her bedroom. Such holes would allow the Defendant or others to watching (sic) her shower, bathe, dress and sleep.
At the time Plaintiff lived at Defendant's residence, Defendant was suffering from a sexual addiction, addiction to narcotics and/or alcohol (substance abuse), and/or voyeurism. Defendant failed to seek treatment for such illnesses which symptoms include impulsiveness, accentuation of sexual matters including excessive review of sexually explicit photographs and literature, and denial.
At the time Plaintiff moved into the Defendant's premises, the Defendant represented expressly and impliedly that Plaintiff would enjoy privacy and other privileges associated with a tenancy.
Bills claimed that this conduct of Murphy constituted negligence, negligent invasion of privacy and violations of the Texas Deceptive Trade Practices Act. Based on this amended pleading, Bills filed a motion for summary judgment.
Metropolitan then filed a supplemental motion for summary judgment, reurging its original motion for summary judgment and adding claims that there was a lack of bodily injury to Bills required to trigger coverage under the policy and that Bills' entire suit was for negligent invasion of privacy, which is not recognized by Texas courts.

Summary Judgment Standard
The granting of summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The trial court must resolve all reasonable doubts in favor of the party opposing the motion. Casey Enterprises, Inc. v. Am. Hardware Mut. Ins. Co., 655 F.2d 598, 602 (5th Cir.1981) (citations omitted). The Court can decide the motions for summary judgment based on the undisputed facts and the applicable law.

Discussion
Metropolitan contends that it has no duty under the policy to defend Murphy in the suit by Bills because Bills' petition against Murphy alleges conduct that is outside the scope of coverage of the policy. In determining Metropolitan's duty to defend, this Court must examine the allegations contained in Bills' petition without regard to the truth or falsity of those allegations and give liberal interpretation to their meaning. Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22 (Tex.1965); Maayeh v. Trinity Lloyds Ins. Co., 850 S.W.2d 193 (Tex.App.  Dallas 1992). The Court must focus on the factual allegations in the complaint and not on the legal theories asserted, and unless the petition alleges facts within the coverage of the policy, the insurer has no duty to defend. Terra Int'l, Inc. v. Commonwealth Lloyd's Ins. Co., 829 S.W.2d 270 (Tex.App.  Dallas 1992, writ denied). If Bills' petition only alleges facts excluded by the policy, then Metropolitan is not required to defend. State Farm Fire & Cas. Co. v. Wade, 827 S.W.2d 448 (Tex.App.  Corpus Christi 1992, writ denied). However, if at least some of the allegations present a claim covered by the policy, there is a duty to defend. Western Heritage Ins. v. Magic Years Learning Ctr. and Child Care, Inc., 45 F.3d 85 (5th Cir.1995).
In her original petition, Bills alleged as a factual basis for her cause of action that "defendant had been secretly *648 watching her shower, bathe, dress, and sleep." Such conduct is, on its face, intentional. It is not accidental conduct and would not constitute an occurrence under the policy. Voluntary and intentional acts, even though they may result in injury which is unexpected, unforeseen and unintended, are not covered by the policy. Argonaut Southwest Ins. Co. v. Maupin, 500 S.W.2d 633 (Tex.1973); Baldwin v. Aetna Cas. & Sur. Co., 750 S.W.2d 919 (Tex.App.  Amarillo 1988, writ denied); Union Mut. Ins. Cos. of Providence v. Stotts, 837 F.Supp. 814 (N.D.Tex.1993).
Bills has attempted in her amended petition to replead her causes of action in an effort to make it appear that Murphy's conduct was not intentional and voluntary. However, the facts are still the same, even though Bills has dressed them in different clothing. Her allegations that Murphy was suffering from a sexual addition, addiction to narcotics and/or alcohol (substance abuse), and/or voyeurism may explain why Murphy allegedly secretly watched her shower, bathe, dress, and sleep, but it does not change the fact that her causes of action are based upon voluntary and intentional conduct of Murphy, to-wit watching her and invading her privacy by looking at her through the holes in the wall. Bills has also, in her amended petition, added a cause of action for violation of the Texas Deceptive Trade Practice Act ("TDTPA"). However, any alleged misrepresentations or failures to disclose information by Murphy within the meaning of the TDTPA would still not constitute an occurrence under the policy.
Bills argues that the holding of the Supreme Court in State Farm Fire & Cas. v. S.S., 858 S.W.2d 374 (Tex.1993), precludes the granting of Metropolitan's motion for summary judgment. The Court agrees that the holding in S.S. probably does preclude the granting of summary judgment on the ground that any injury caused Bills was intentional and, therefore, excluded under the policy. However, the holding in S.S. does not preclude the granting of summary judgment on Metropolitan's claim that the facts alleged by Bills do not constitute an occurrence under the policy. The court in S.S. dealt only with the intentional injury exclusion in the State Farm homeowner's policy and in footnote 2, appearing at page 377 of the opinion, specifically distinguished its holding in Argonaut Southwest Ins. Co. v. Maupin. The court in this footnote stated
... Additionally, we are not determining whether the transmission of genital herpes was an "accident" or whether G.W.'s acts were intentional, but specifically whether G.W. intentionally caused bodily injury to S.S. by transmitting herpes to her. This distinction is significant because the intentional injury exclusion provision states only that coverage does not exist for intentionally caused bodily injury, and does not state that coverage does not exist for intentional acts.
Since the Court has determined that there is no duty to defend by Metropolitan because the facts alleged by Bills do not constitute an occurrence under the policy, the Court will not address Metropolitan's claims that Bills' claims for only emotional harm does not constitute the bodily injury required to trigger coverage and that Bills' suit is only for negligent invasion of privacy, which is a nonexistent cause of action in the state of Texas.
For the reasons stated above, Metropolitan's motion for summary judgment should be granted and Bills' motion for summary judgment should be denied.
IT IS SO ORDERED.