## CIGNA LLOYDS INSURANCE CO. et al., Appellants,

v.

## George D. KAMINS et al., Appellees.

### No. 11–95–268–CV.

Court of Appeals of Texas, Eastland.

May 16, 1996.

Rehearing Overruled July 10, 1996.

Byron Lee, David Lunch, Coats, Rose, Yale, Holm, Ryman, & Lee, Melodie Cason, Richard Warren Mithoff, Mithoff & Jacks, Houston, for appellant.

Michael S. Wilk, Matthew H. Hartzell, Hirsch & Westheimer, Houston, for appellees.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

In this declaratory judgment action, we are presented with the question of whether coverage existed under three insurance policies and, consequently, whether the insurers had a duty to defend and indemnify their insured. The trial court, in ruling on motions for summary judgment, held that coverage was not precluded under a commercial general liability insurance policy issued by Cigna Lloyds Insurance Co. to its insured, George D. Kamins.[1]  However, the trial

court also held that there was no coverage under any of the other seven policies of insurance including the other policies involved in this appeal: a business auto policy issued by INA County Mutual Insurance Company and an excess policy issued by CIGNA Insurance Company of Texas. We reverse that portion of the trial court's judgment relating to its finding of a duty to defend under the commercial general liability insurance policy. We affirm the remainder of the judgment. Accordingly, we hold that there is no coverage under the policies before us.[2]

### The Underlying Suit

Steven Eric Ray died as a result of injuries received when his vehicle collided with a taxi cab being driven by Laurence Edward Palmer. Ray's beneficiaries sued Kamins and others to recover damages suffered by them as a result of the death (the Ray suit). The plaintiffs in that suit maintained that the cab being driven by Palmer was owned by Ezzat Bakhoum and/or E.Z.Z.B., Inc. d/b/a Ezzat's Yellow Cab. The Rays also claimed that Palmer was the employee of or the agent, apparent agent, ostensible agent, or agent by estoppel of or independent contractor retained by Ezzat Bakhoum and/or E.Z.Z.B., Inc. d/b/a Ezzat's Yellow Cab. The Rays' pleadings alleged that Palmer was acting in one of those capacities while he was operating the cab in a negligent and grossly negligent manner.

The petition also contained allegations of negligent and grossly negligent acts and omissions attributable to Kamins, individually, and:

(a) d/b/a Greater Houston Transportation Company (d/b/a Yellow Cab Company);

(b) d/b/a Yellow Cab Company;

(c) d/b/a Yellow Cab Service Corporation;

(d) d/b/a Equus Investments Incorporated; and

---

1. Kamins originally made a demand for a defense under two homeowner's policies, a commercial package policy, a farm and ranch policy, and a yacht policy in addition to the three policies before us in this appeal.

2. We will apply the well-established rules governing appellate review of summary judgments. See *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex. 1970).

(e) d/b/a Yellow Cab Company of Houston, Inc.

The Rays claimed that such negligence and gross negligence resulted from the following acts or omissions:

(a) In failing to establish or enforce any business policy requiring an investigation into the criminal background of drivers applying for enrollment with such Defendants;

(b) In failing to establish or enforce any business policy requiring verification of such information concerning criminal background as furnished by drivers applying for enrollment with such Defendants;

(c) In failing to investigate the criminal background of the Defendant Laurence Palmer at the time he applied for enrollment as a driver with such Defendants;

(d) In failing to verify the information concerning criminal background as furnished by the Defendant Laurence Palmer at the time he applied for enrollment as a driver with such Defendants;

(e) In failing to refuse enrollment of Laurence Palmer as a driver with such Defendants;

(f) In enrolling the Defendant Laurence Palmer as a driver with such Defendants;

(g) In failing to establish or enforce any business policy to properly control the work, activities, conduct, or training or any part of the work, activity, conduct, or training of drivers enrolled with such Defendants;

(h) In failing to properly control the work, activity, conduct, or training or a part of the work, activity, conduct or training of Laurence Palmer at a time when Palmer was enrolled as a driver with such Defendant or at a time when such Defendant, in fact, exercised control over that part of the work, activity, conduct, or training of Palmer and the manner in which he performed his services.

When the Rays sued him, Kamins requested that the carriers on each of eight separate policies of insurance provide his defense. The insurance companies filed this suit for declaratory judgment seeking a determination of their obligations under the various policies of insurance. The Ray suit was subsequently settled. As a part of the settlement agreement, the Rays agreed not to seek execution of the judgment from Kamins. The Rays then intervened in this declaratory judgment action. The insurers sought a summary judgment that there was no coverage under any of the various policies of insurance. The trial court agreed that there was no coverage under the policies except for the commercial general liability insurance policy. Without specifying the grounds, the court entered an order granting the summary judgment as to all policies other than the commercial general liability insurance policy. Subsequently, Cigna Lloyds filed a supplemental motion for summary judgment basically re-urging that there was no coverage for the Ray accident under the commercial general liability insurance policy. At the same time, Kamins and the Rays also sought summary judgment establishing coverage under the commercial general liability insurance policy. The trial court entered a judgment that an auto use exclusion did not preclude coverage under the commercial general liability insurance policy. It also found that the policy language "lessor's risk only" was ambiguous. The trial court then granted summary judgment that coverage did exist under the commercial general liability insurance policy. The trial court severed all other issues from the coverage issue. Cigna Lloyds has perfected an appeal, and the Rays and Kamins together have also perfected an appeal. The only issue before this court is the coverage issue.

*Points of Error*

We read Cigna Lloyds' two points of error to be that the trial court erred in finding that Cigna Lloyds was obligated to Kamins under the commercial general liability insurance policy because (1) the policy contained an "auto use" exclusion and (2) the scope of the policy did not include the activities alleged in the underlying suit.

The Rays and Kamins present two points in which they argue (1) that the trial court erred in finding that no coverage existed under an excess policy issued by CIGNA Insurance Company of Texas and (2) that the

trial court erred in finding that no coverage existed under a business auto policy issued by INA County Mutual Insurance Company to Kamins.

### Duty to Defend

■ The question is whether the facts alleged in the Ray suit are within the policy coverages. *Fidelity & Guaranty Insurance Underwriters, Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex.1982). The allegations will be considered without reference to the actual truth of the facts. The allegations must be given a liberal interpretation, resolving all doubts in favor of the insured. *Heyden Newport Chemical Corporation v. Southern General Insurance Company,* 387 S.W.2d 22, 24 (Tex.1965); *Duncanville Diagnostic Center, Inc. v. Atlantic Lloyd's Insurance Company of Texas,* 875 S.W.2d 788, 789 (Tex. App.—Eastland 1994, writ den'd); *Cluett v. Medical Protective Company,* 829 S.W.2d 822, 829 (Tex.App.—Dallas 1992, writ den'd).

### The Commercial General Liability Policy

■ The commercial general liability insurance policy issued to Kamins by Cigna Lloyds provides that the insurer will pay those sums that its insured becomes obligated to pay as a result of certain damages "to which this insurance applies." The policy contains an endorsement which states:

This insurance applies only to "bodily injury," "property damage," "personal injury," "advertising injury," and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2. The project shown in the Schedule.

The "Schedule" referred to is the "General Liability Schedule" which describes 13 different business locations. Under each location listed in the "Schedule," the policy states:

CLASS DESCRIPTION BUILDINGS OR PREMISES–BANK OR OFFICE– MERCANTILE OR MANUFACTURING (LESSOR'S RISK ONLY) (INCLUDING PRODUCTS AND/OR COMPLETED OPERATIONS)

■ When we examine the Rays' active petition in the underlying suit, we find no allegations of fact which show that the Rays suffered damages as a result of:

"[B]odily injury," "property damage," "personal injury," "advertising injury," [or] medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule [the 13 business locations] and operations necessary or incidental to those premises; or

2. The project shown in the Schedule.

The Rays' petition mentions neither the covered premises nor Kamins' relationship thereto. Furthermore, the Rays do not plead any connection between the premises and the accident. An insurer is obligated only in those suits which come within policy coverage and is entitled to rely upon the facts as alleged in the underlying petition in making a determination of that obligation. *Fidelity & Guaranty Insurance Underwriters, Inc. v. McManus,* supra at 788. There can be no reference to any source other than the pleadings. *Houston Petroleum Company v. Highlands Insurance Company,* 830 S.W.2d 153, 155 (Tex.App.—Houston [1st Dist.] 1990, writ den'd). The Rays have not pleaded facts which show that the claim is within the coverage of the commercial general liability insurance policy. The trial court erred in holding that the Rays' claim came within the coverage provisions of the commercial general liability insurance policy. Because the claim was outside the scope of coverage, we do not reach questions concerning exclusions from that coverage.

### The Business Auto Policy

■ We will first address Kamins' and the Rays' second point. The question is whether the Rays alleged facts which were within the coverage of a business auto policy issued by INA County Mutual Insurance Company to Kamins and Hanover Enterprises, Inc. The trial court held that it did not. We agree.

The business auto policy provides coverage for:

[A]ll sums an *insured* legally must pay ... to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a *covered auto*. (Emphasis added)

The policy defines "insured" as "[y]ou for any covered auto." Also included is "[a]nyone else while using with your permission a *covered auto you own, hire or borrow.*" (Emphasis added) The policy contains an endorsement which further addresses the definition of "covered auto." The "covered auto" language of the endorsement provides: "Any auto you don't own is a covered auto *while being used by you or by any family member.*" (Emphasis added) The vehicle which was involved in the accident was not owned by Kamins. Further, at the time of the accident, an "insured" was not using the vehicle. The Ray suit clearly alleges facts which, as a matter of law, are not within the scope of coverage of the business auto policy. The Rays and Kamins cannot succeed because the claims were not within the coverage of the policy. See *Baldwin v. Aetna Casualty & Surety Company, A Division of Aetna Life and Casualty Group,* 750 S.W.2d 919, 921 (Tex.App.—Amarillo 1988, writ den'd). The trial court did not err in granting INA County Mutual Insurance Company's motion for summary judgment. This point of error is overruled.

### The Excess Policy

 In their first point, the Rays and Kamins maintain that the trial court erred when it found that CIGNA Insurance Company of Texas had no duty to defend and indemnify its insured under an excess insurance policy. We disagree. There was no underlying or primary insurance issued to Kamins which would have covered the Ray accident and which would have triggered the protection of the excess policy. Primary insurance is that type of coverage whereby liability attaches in the event of an occurrence which gives rise to liability. Except for certain limited instances not applicable here, excess insurance requires that the insurer pay those amounts which exceed the obligations imposed upon the primary carrier. See *Emscor Manufacturing, Inc. v. Alliance Insurance Group,* 879 S.W.2d 894, 903 (Tex.App.—Houston [14th Dist.] 1994, writ den'd). There are no obligations imposed upon the primary carriers set forth in the excess policy. Therefore, the obligations under the excess policy were never triggered. The first cross-point is overruled.

We reverse that portion of the trial court's judgment which found that coverage existed under the commercial general liability insurance policy and render judgment that there was no coverage under that policy. Otherwise, the judgment of the trial court is affirmed.