# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

================

## NO. 03-05-00643-CV

================

**Universal Underwriters Insurance Company and Universal Underwriters
of Texas Insurance Company, Appellants**

**v.**

**New Braunfels Trans, Inc.; Todd Cox; and AAMCO Transmissions, Inc., Appellees**

===================================================================

**FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
NO. C2004-0889A, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

===================================================================

## M E M O R A N D U M   O P I N I O N

In this declaratory judgment action, Universal Underwriters Insurance Company and Universal Underwriters of Texas Insurance Company ("Universal") appeal from a summary judgment rendered in favor of New Braunfels Trans, Inc., Todd Cox, and AAMCO Transmissions, Inc. ("New Braunfels"), holding that Universal has a duty to defend appellees in an underlying lawsuit. Because we conclude that the complaint in the underlying lawsuit fails to allege a claim within the scope of coverage under the policy, we reverse the district court's summary judgment and render judgment in favor of Universal. And we remand this cause to the trial court for further proceedings not inconsistent with this opinion.

# BACKGROUND

Universal issued a general commercial insurance policy to New Braunfels Trans, Inc.

The policy provided:

> WE will pay for all sums the INSURED legally must pay as DAMAGES because of INJURY to which this insurance applies caused by an OCCURRENCE arising out of GARAGE OPERATIONS or AUTO HAZARD.
>
> . . . .
>
> "AUTO HAZARD" means the maintenance or use of a CUSTOMER'S AUTO.
>
> . . . .
>
> "GARAGE OPERATIONS" means the ownership, maintenance, or use of that portion of any premises where YOU conduct YOUR AUTO business and all other operations necessary or incidental thereto.

The definition of "injury" when used in the policy includes three "groups" relevant to this appeal:

> Group 1—bodily injury, sickness, disease or disability (including death resulting from any of these) or damage to or loss of use of tangible property;
>
> Group 2—mental anguish, mental injury, fright, shock, or humiliation, except when arising from discrimination; [and]
>
> Group 3—false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution, abuse of process, libel, slander, defamation of character, private nuisance (except pollution), invasion of rights of privacy or possession of personal property.

New Braunfels Trans, Inc., is a named insured under the policy. The policy became effective on May 1, 2003, and was cancelled on September 26, 2003.

On February 4, 2004, Ryan Clarke and Laura Clarke filed suit against New Braunfels in Comal County, alleging conversion, fraud, and deceptive trade practices ("the Clarke lawsuit"). In their lawsuit, the Clarkes allege that they took their 1996 Chevrolet pickup to New Braunfels for repairs on May 19, 2003. The Clarkes allege that New Braunfels defrauded them in providing an estimate of work to be done, performing certain repair work on their truck, and wrongfully seizing possession of the truck. The Clarkes further allege that when New Braunfels repossessed the truck, they caused damage to the Clarkes' driveway.

The Clarkes allege damages for the market value of the truck and the personal property contained therein, as well as damages for the loss of use of the truck and for damage to their driveway. They claim that New Braunfels had no right to take the vehicle and had perfected no lien on the vehicle. They also claim they suffered severe mental anguish as a result of New Braunfels's repossession of the vehicle.

New Braunfels demanded that Universal defend them in the Clarke lawsuit and indemnify them for any judgment or settlement. By letter dated February 25, 2004, Universal declined coverage, stating that it would have provided coverage if the event had been "within your policy period." A few months later, New Braunfels filed this declaratory judgment action seeking the policy's construction and a declaration that Universal had a duty to defend and indemnify New Braunfels in the Clarke lawsuit. Universal filed a counterclaim for a declaratory judgment that they had no duty to defend or indemnify New Braunfels because the claims alleged did not fall within the coverage period and, further, that the allegations in the lawsuit did not constitute an "occurrence" within or an "injury" covered by the policy.

3

After both Universal and New Braunfels filed motions for summary judgment, the trial court granted New Braunfels's motion and denied Universal's, stating in its order that Universal has a "duty to defend." The trial court also ordered Universal to provide a "full defense" in the Clarke lawsuit. Except for stating that New Braunfels's motion was granted in its entirety, the trial court did not specifically address the duty-to-indemnify issue.

Universal appeals and argues that the trial court erred in granting New Braunfels's motion and in denying their motion. Because the alleged wrongful repossession took place on February 2, 2004, Universal argues that it is not within the coverage period that expired on September 26, 2003. They further contend that the claims asserted in the underlying lawsuit do not fall within the claims covered by the policy. They also urge that the same facts that negate a duty to defend also negate the duty to indemnify.

## ANALYSIS

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *Dow Chem. Corp. v. Bright*, 89 S.W.3d 602, 605 (Tex. 2002); *see also Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Whether an insurance carrier owes a duty to defend under an insurance policy is a question of law which the appellate court reviews *de novo. State Farm Gen. Ins. Co. v. White*, 955 S.W.2d 474, 475 (Tex. App.—Austin 1997, no pet.); *see also State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex. App.—Fort Worth 1996, writ denied).

4

A liability insurer is obligated to defend a suit if the facts alleged in the pleadings would give rise to any claim within the coverage of the policy. *Utica Nat'l Ins. Co. v. American Indem. Co.*, 141 S.W.3d 198, 201 (Tex. 2004). A plaintiff's factual allegations that potentially support a covered claim is all that is needed to invoke the insured's duty to defend. *Guideone Elite Ins. Co. v. Fielder Rd. Baptist Church*, No. 04-692, 2006 Tex. LEXIS 608, at *13 (Tex. June 30, 2006); *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (as a general rule, insurer obligated to defend if there is, potentially, an action alleged within the policy coverage, even if allegations do not clearly show there is coverage). Under the "eight-corners" rule, an insurer's duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy. *Guideone,* 2006 Tex. LEXIS 608, at *6; *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002). The eight-corners rule compares the provisions within the four corners of the policy with the factual allegations contained within the four corners of the plaintiff's pleadings in the underlying lawsuit to determine whether any claim alleged in the pleadings is within the coverage of the policy. *National Union Fire Ins. Co.*, 939 S.W.2d at 141.

In determining the duty to defend, facts in the underlying petition are taken as true, and facts outside the pleadings cannot be considered. *Guideone*, 2006 Tex. LEXIS 608, at *6; *National Union Fire Ins. Co.*, 939 S.W.2d at 141. The duty to defend is not affected by facts ascertained before the suit, developed in the process of litigation, or by the ultimate outcome of the suit. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 829 (Tex. 1997). The allegations must be liberally construed, with any doubt resolved in favor of coverage. *National Union Fire Ins. Co.*,

5

939 S.W.2d at 141; *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965). When the terms of an insurance policy are unambiguous, they are to be given their plain, ordinary, and generally accepted meaning unless the instrument itself shows that the terms have been used in a technical or different sense. *Ramsay v. Maryland Am. Gen. Ins. Co.*, 533 S.W.2d 344, 346 (Tex. 1976).

We may discern the factual allegations as well as the claims pleaded from the Clarkes' petition. The Clarkes pleaded that the origin of the dispute occurred on May 19, 2003, when they took their truck to the automobile repair shop "to do a $35.00 diagnostic on the vehicle and nothing else." The Clarkes alleged that New Braunfels represented to them that an "estimate would be performed" and, if the Clarkes did not authorize the work, the truck would be returned to them. Instead, as it is alleged, New Braunfels commenced work and charged the Clarkes $3,735.78 for work done. In their petition, the Clarkes alleged, "Plaintiff, under duress of not getting his vehicle back paid $2,000.00 toward the amount and received possession of his vehicle." Without making any further demand regarding the remainder of the amount owed or perfecting a lien on the vehicle, New Braunfels thereafter "sneaked into the driveway at the home of Plaintiffs in the middle of the night and loaded Plaintiffs' vehicle on a wrecker, causing damages to the pavement and drive where the vehicle was parked."

The Clarke lawsuit against New Braunfels does not allege a covered claim that would trigger a duty to defend. In separate paragraphs, section III of the Clarkes' petition alleges causes of action based on two events: (1) deceptive trade practices act (DTPA) violations and fraud based on New Braunfels's misrepresentations when the Clarkes took their truck to be repaired on May 19,

6

2003, and (2) conversion related to New Braunfels's repossession of the Clarkes' truck on February 2, 2004, after repairs were completed. Only the first set of allegations occurred within the policy period. The Clarkes' conversion claim and related damages, stemming from the February 2 repossession, are not covered because they occurred after September 26, 2003, outside the policy period.

Additionally, the Clarkes' DTPA and fraud claims, although within the policy period, allege that New Braunfels "knowingly made false or misleading statements of fact" and committed "a total fraud on these Plaintiffs." The petition further alleges that New Braunfels's conduct "was intentional, willful, wanton, malicious, without justification or excuse and constituted gross or conscious indifference to the rights and welfare of the Plaintiff[s], and the Plaintiff[s] hereby sue for exemplary damages in an amount awarded by the trier of fact." Such intentional acts of fraud and knowing misrepresentation are excluded from coverage under the policy, which states that "[t]his insurance does not apply to INJURY . . . [or] CUSTOMER COMPLAINT DEFENSE, if caused by any dishonest, fraudulent or criminal acts committed by any insured." *See Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex. 1973) (holding that intentional or willful act is not "an accident" under insurance policy); *Baldwin v. Aetna Cas. & Sur. Co.*, 750 S.W.2d 919, 921 (Tex. App.—Amarillo 1998, pet. denied) (holding that intentional or willful act is not an "occurrence" under insurance policy).

The record demonstrates that the Clarkes' claims concerning their truck's repossession are not covered under New Braunfels's policy with Universal because the repossession occurred after September 26, 2003, outside the policy period. The Clarkes' DTPA and fraud claims

allege intentional misrepresentations made to them when they took their truck to New Braunfels for repair and are not covered because the policy excludes such intentional acts from coverage.

Based on this record, we conclude that the Clarkes' petition does not allege a claim within the scope of coverage under the policy. Accordingly, we conclude as a matter of law that Universal does not have a duty to defend New Braunfels in the Clarke lawsuit.[1]

## CONCLUSION

We therefore reverse the district court's summary judgment and render judgment in favor of Universal. We remand this cause to the trial court for further proceedings not inconsistent with this opinion.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Reversed and Remanded

Filed: September 20, 2006

---

[1] Because we conclude that Universal does not have a duty to defend New Braunfels in the Clarke lawsuit, we decline to address the issue of whether Universal has a duty to indemnify New Braunfels. Tex. R. App. P. 47.1.