**Hedwig M. AMUNDSEN, joined pro forma by her husband, Ralph Amundsen, Appellants,**

v.

**GREAT CENTRAL INSURANCE COMPANY, a corporation, Appellee.**

**No. 6092.**

Court of Civil Appeals of Texas, El Paso.

Feb. 18, 1970.

Rehearing Denied March 11, 1970.

Yetter, Johnson & Allen, Richard Yetter, James T. Allen, El Paso, for appellants.

Stephen B. Tatem, Jr., El Paso, for appellee, Scott, Hulse, Marshall & Feuille, El Paso, of counsel.

OPINION

WARD, Justice.

Appellants appeal from a take-nothing summary judgment rendered in their suit to recover damages as a result of the failure of the appellee to defend the appellants in a prior suit pursuant to the provisions of an Owner's, Landlord's, and Tenant's liability insurance contract and which covered the appellants' bar and lounge. We affirm the judgment of the trial court.

The policy which was issued to appellants contained the following pertinent language:

"1. COVERAGE A—BODILY INJURY LIABILITY
COVERAGE B—PROPERTY DAMAGE LIABILITY

"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage A. bodily injury or

Coverage B. property damage

to which the insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, * * * "

The insurance contract also provided for the following exclusions to which the insurance in question did not apply:

"EXCLUSIONS

This insurance does not apply:

*    *    *    *    *    *

"(f) to bodily injury or property damage for which the insured or his indemnitee may be held liable, as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcholic beverage

(1) in violation of any statute, ordinance or regulation,

*    *    *    *    *    *

(3) to a person under the influence of alcohol, or

(4) which causes or contributes to the intoxication of any person * * * "

While the policy was in effect, one Tom Dunnigan and a female companion were at the bar engaged in certain pleasantries which resulted in the female companion shooting Tom Dunnigan. Tom Dunnigan brought suit against the appellants alleging in his petition that his unfortunate injuries arose after Tom had been drinking with the female friend in the appellants' bar, and that they "became inebriated to such an extent that neither the Plaintiff nor the other customer with whom he was drinking could control themselves;" that the incident was caused by the appellants being in willful violation of the laws and regulations of the State of Texas, and that notwithstanding the laws in Texas, the appellants "continued to serve the female customer alcoholic beverages" and that this proximately caused the shooting. The insured appellants, in compliance with the policy provisions, requested the insurer to undertake the defense of this cause of action, and this the insurer refused to do because of the language contained within the exclusion provision of the policy.

The appellants readily agree that the pleadings in the suit which the insurer refused to defend did fall within the provision of the quoted exclusions, but contend that where there is a variance between the allegations of a petition and the known or ascertainable facts, the insurer cannot rely on the allegations in the petition, but rather must ascertain if the facts in reality fall within the exclusion before declining to defend; that even though a petition in a damage suit against the insured may have alleged facts that relieved the insurer of its duty to defend, the insurer is under a duty to ascertain facts of the cause of action before declining to defend. Such is not our law. Travelers Insurance Company v. Newsom, 352 S.W.2d 888 (Tex. Civ.App.1961, Amarillo, writ ref. n. r. e.); Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22 (Tex.Sup. 1965). While the policy provisions before us in the present case differ in some respects from the policies considered in the other Texas cases on the point, we think that, in substance, the present provisions mean the same as those in the other cases. Regardless of the policy provisions, however, in the present suit by the insured against the insurer there are no allegations in the petition alleging that the true facts of the former suit were not within the exclusion clause. From all the facts this court has before it, the true facts of the former case might well have followed the allegations of the former suit and have been within the exclusion.

The judgment of the trial court is affirmed.