## CONTINENTAL SAVINGS ASSOCIATION, Plaintiff-Appellant,

v.

## UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant-Appellee.

### No. 84–1382.

United States Court of Appeals,
Fifth Circuit.

Aug. 12, 1985.*

Lackshin & Nathan, Bernard Wm. Fischman, Lionel M. Schooler, Houston, Tex., for plaintiff-appellant.

Winstead, McGuire, Sechrest & Minick, Jeff Joyce, W. Mike Baggett, Dallas, Tex., for defendant-appellee.

### ON PETITION FOR REHEARING

(Opinion June 17, 1985, 5 Cir., 1985, 762 F.2d 1239)

Before GOLDBERG, RUBIN and HILL, Circuit Judges.

PER CURIAM:

In the original panel opinion we held that Continental Savings Association (Continental), as insured, was not required to file a proof of loss under section 4 of the Conditions and Limitations Section of the bond in order to recover costs and attorney's fees incurred in defending against liability for a loss or claim. 762 F.2d 1239, 1244. For the first time, USF & G now argues that in order for a claim or loss to be "a valid and collectible loss" under the bond for purposes of paragraph C, the insured must file a timely proof of loss under Section 4 and the attending discovery of loss rider to that section. So arguing, USF & G attempts to tie the notice of proof of loss provision to the notice of suit provision. We express no opinion on this issue as the argument,

presented for the first time on rehearing, comes too late. *See, e.g., Wells v. Rushing,* 760 F.2d 660, 661 (5th Cir.1985). Rehearing is therefore denied on this point.

In point IV of its petition for rehearing, USF & G merely restates the argument that it made on the original hearing and that was rejected in the original panel opinion. 762 F.2d at 1244–45. The argument has, however, brought to our attention a misstatement of the effect of the bond's pro rata provision discussed there. Accordingly, the fourth sentence of the next to last paragraph of the original opinion, 762 F.2d at 1245, is amended to state as follows:

> In that case, the fees and costs would be prorated in proportion as the *amount actually recovered* exceeds the amount of the bond.

The petition for rehearing is therefore granted to that extent.

All other grounds for rehearing being without merit, the petition is in all other respects DENIED.