Joe F. GOMEZ, Consuelo Gomez, Diane
Gomez, Individually and next friend of
Sultan Noor Gomez, Appellants,

v.

HARTFORD COMPANY OF THE
MIDWEST, Appellee.

No. 08–90–00024–CV.

Court of Appeals of Texas,
El Paso.

Jan. 16, 1991.

Rehearing Overruled Feb. 13, 1991.

C.R. Kit Bramblett, Bramblett & Bramblett, P.C., Susan Larsen, El Paso, for appellants.

Jim Curtis, Kemp, Smith, Duncan & Hammond, Brenda J. Norton, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

Appellants bring this appeal from a take nothing summary judgment rendered in favor of Appellee in a suit brought by Appellants, as assignees of M.J.D. Enterprises, Inc., to enforce the provisions and coverage of a multi-peril insurance policy sold by Appellee through its agent to M.J.D. Enterprises, Inc. against which Appellants had obtained a judgment for substantial damages. We affirm.

This case originally grew out of a head-on collision accident which occurred on September 1, 1984 and which resulted in serious injuries to Joe and Consuelo Gomez, husband and wife, and to Diane Gomez and her son, Sultan Noor Gomez, Appellants herein, all of whom were passengers in Joe Gomez' pickup truck, one of the two vehicles involved. They filed suit against M.J.D. Enterprises, Inc., doing business as Dudley's ("Dudley's"), a tavern in El Paso, alleging that Dudley's was negligent in serving alcoholic beverages to an obviously intoxicated person, Roger Allen Hawthorne, who was driving the other vehicle on the wrong side of the road, and that Dudley's negligence and Hawthorne's intoxication caused the accident.

Dudley's had purchased a Texas Commercial Multi–Peril policy issued by Hartford Company of the Midwest, Appellee herein, through its agent, D.C. Crowell & Co., that provided various coverages, including personal injury and property damage liability, at the time of the accident. The specific coverage was contained in two endorsements, which also included a number of exclusions. It was on the basis of certain exclusions in both endorsements that Appellee declined to provide Dudley's with a defense in the lawsuit. As a result of a bench trial in which Dudley's offered no defense, the judge awarded Appellants over seven million dollars for their past and future damages and injuries. Dudley's subsequently assigned to Appellants any and all of its causes of action against Appellee, including breach of contract, failure to defend and failure to provide coverage and settle. Appellants then filed this suit against Appellee and its agent, alleging that they "were negligent, grossly negligent and/or acted intentionally and in bad faith in refusing to defend and/or in failing and refusing to settle the [Appellants'] claims" in the prior suit. Appellants also asserted causes of action under the Deceptive Trade Practices Act (Tex.Bus. & Com. Code Ann. § 17.41 et seq.) and the Texas Insurance Code (Tex.Ins.Code Ann., art. 21.21). Appellee moved for and was granted summary judgment. The case against Appellee was then severed from the remainder of the case against the agent, and this appeal was perfected.

In their first two points of error, Appellants assert that the trial court erred in granting a summary judgment because a genuine issue of material fact existed regarding whether the policy could reasonably be interpreted to impose on Appellee the duty to defend any personal injury liability suit, and that the rules of construction require that the language in the policy be liberally construed to provide coverage.

In reviewing a summary judgment appeal, the general rule established by the

Supreme Court is that this Court must determine whether the successful movant in the trial court carried its burden of showing that there is no genuine issue of a material fact issue and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant is to be taken as true, and in that connection, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Nixon*, 690 S.W.2d at 548–49. If the defendant is the movant and he submits summary judgment evidence disproving at least one element of the plaintiff's case, then summary judgment should be granted. *Bradley v. Quality Service Tank Lines*, 659 S.W.2d 33, 34 (Tex.1983); *Rayos v. Chrysler Credit Corporation*, 683 S.W.2d 546, 547 (Tex.App.— El Paso 1985, no writ).

Appellants claim coverage by Appellee and its duty to defend under the policy coverage paragraph contained in both endorsements which provides, in part, as follows:

> The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent....

Appearing below under "Exclusions" in the same column and size of type, the policy provides:

> This insurance does not apply:

> (h) to bodily injury or property damage for which the insured or his indemnitee may be held liable

> (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

> (2) if not so engaged, as an owner or lessor of premises used for for [sic] such purposes;

> if such liability is imposed

> . . . . .

> (b) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

> but part (b) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above; ....

■ Appellants basically advance two arguments. First, that Dudley's thought that the policy would provide coverage for alcohol related accidents because it was sold to a bar operator, and second, that the general provision affording coverage is ambiguous. Under the first contention, Appellants claim that a fact question is presented "if the insurer knew or should have known that the insureds were buying the policy for their liquor-dispensing business, and that they believed the policy they purchased contained an obligation to defend the bar, even against groundless, false, or fraudulent suits, then plaintiffs should have their day in court on the issue." By itself, what Dudley's believed the policy covered does not raise an issue of fact and therefore, does not defeat the motion for summary judgment. The record contains no evidence, and Appellants do not allege or contend, that either the Appellee or its agent represented to Dudley's that the policy would provide coverage for the kind of accident involved in this case.

■ Appellants also argue that a fact question is presented because the insuring clause set out above would lead a reason-

able insured to believe that Appellee would be obligated to provide a defense in a suit even if it would ultimately have no duty to pay. In support of this position, Appellants offer the affidavits and depositions of the owners of Dudley's as summary judgment proof of their belief that Appellee would have the duty to defend them under such circumstances. Appellee, on the other hand, urges that this Court should apply the "complaint allegation" rule, and that under this rule, the Appellants' pleadings in the trial court place their suit squarely within the exclusion. The court, according to that rule, looks to language in the policy and the allegations in the petition to determine whether there is a duty to defend. The court cannot consider evidence outside the policy and pleadings even if such evidence would tend to show that the suit was specious. *Fidelity & Guaranty Insurance Underwriters, Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex.1982); *Feed Store, Inc. v. Reliance Insurance Company,* 774 S.W.2d 73 (Tex.App.—Houston [14th Dist.] 1989, writ denied); *Amundsen v. Great Central Insurance Company,* 451 S.W.2d 277, 278 (Tex.Civ.App.—El Paso 1970, writ ref'd n.r.e.). In *Feed Store,* the feed store had obtained a general liability policy from Reliance, with terms and language very similar to the quoted paragraphs in Dudley's policy except that in *Feed Store,* the policy insured against "damages because of personal injury or advertising injury" and excluded, among other things, infringement of trademark. The parties had agreed that the policy was clear and unambiguous, making inapplicable the rules requiring strict construction against the insurer and resolution of ambiguities in favor of the insured and against the insurer. The first issue was whether a suit brought by Dairy Queen against the Feed Store for an injunction barring an alleged trademark infringement but seeking no damages for the infringement invoked Reliance's duty to defend. The court held that since Dairy Queen was not seeking monetary damages, there was no duty to defend and it was unnecessary to consider the trademark infringement exclusion question.

In *Amundsen,* the language of the insuring and exclusions clauses was for our purposes identical to the language in the Dudley's policy and the claim was for damages arising out of a shooting in the bar by one inebriated customer of another inebriated customer, the allegations being that the bar owners had continued to serve the first customer, which caused the shooting. The question of ambiguity was apparently not before the court, the insured bar owners agreeing that based on the pleadings, the suit fell within the exclusion but contending that the insurer had a duty to ascertain facts of the cause of action before declining to defend. The court had no difficulty concluding that the insurer was not required to conduct an investigation to determine whether the claim came within the exclusion; it needed only to look at the pleadings to determine that it had no duty to defend.

We turn next to Appellants' claim that the coverage provision is at the very least ambiguous and under the rules of construction, should be strictly construed against the insurer and in favor of requiring it to defend any and all claims against the insured. Insurance policies are contracts, and their constructions are governed by ordinary contract principles. *U.S. Fire Insurance Company v. Aetna Casualty & Surety Company,* 781 S.W.2d 394, 398 (Tex.App.—Houston [1st Dist.] 1989, no writ). The question of whether a contract is ambiguous is a question of law for the court to determine. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 518 (Tex.1980). Where no ambiguity is found, a summary judgment may be proper. However, where an ambiguity is found to exist, the interpretation to be given to the ambiguous portion of the contract becomes an issue for the fact finder to decide from the evidence, in which case a summary judgment would be improper. *Coker v. Coker,* 650 S.W.2d 391, 392 (Tex. 1983).

Before resorting to rules of construction, the court must first determine whether an ambiguity does in fact exist. *Glover v. National Insurance Underwrit-*

*ers*, 545 S.W.2d 755, 761 (Tex.1977). A contract is ambiguous if, after applying the rules of contract interpretation, a provision remains reasonably susceptible of two meanings. *Coker*, 650 S.W.2d at .393; *RGS, Cardox Recovery, Inc. v. Dorchester Enhanced Recovery Co.*, 700 S.W.2d 635, 638 (Tex.App.—Corpus Christi, 1985, writ ref'd n.r.e.). Under general contract principles, a court must examine the entire writing in an effort to harmonize and give effect to all provisions of the contract so that none are rendered meaningless. *Coker*, 650 S.W.2d at 393. No single provision taken by itself will be given controlling effect. *Coker*, 650 S.W.2d at 393. Where provisions of a contract appear to conflict, they should be harmonized to the extent possible in order to reflect the intentions of the parties as expressed in the instrument. *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 332 (Tex.1983).

■ Considering the policy as a whole and giving effect to all of the provisions, we conclude that there is no ambiguity in the general coverage provision and that its plain meaning is in harmony with the exclusionary provisions. Under the terms of the policy, the Appellee promised to pay whatever amount of money Dudley's became legally obligated to pay as a result of bodily injury or property damage claims to which the insurance applied and the Appellee was further obligated to defend suits against Dudley's based on such claims. The claims that Appellee promised to defend were "bodily injury or property damage to which this insurance applies." In the paragraph immediately following the insuring paragraph are set forth the exclusions, which begins, "This insurance does not apply: ..." followed by the specific exclusions. Under ordinary contract interpretation, the policy as a whole would be understood to mean that the insurer had no obligation either to pay a claim or provide a defense in the exclusionary situations described in subsections (a) through (q).

■ Trudy Dudley admitted in her deposition that she had not carefully read the *policy*. An otherwise unambiguous insurance policy is not rendered ambiguous simply because a proper understanding required the insured to read it thoroughly and carefully. *LaBatt Company v. Hartford Lloyd's Insurance Company*, 776 S.W.2d 795 (Tex.App.—Corpus Christi 1989, no writ). Likewise, a policy is not rendered ambiguous because it does not comport with the coverage desired by the insured. *Guthrie v. Republic National Insurance Company*, 682 S.W.2d 634, 640 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Where the provisions of the contract are clear and free from ambiguity, the interpretation of the parties is immaterial. *Ussery Investments v. Canon & Carpenter, Inc.*, 663 S.W.2d 591, 593 (Tex.App. —Houston [1st Dist.] 1983, writ dism'd). Points of Error Nos. One and Two are overruled.

■ In their third point of error, Appellants argue that "an insurer should not be allowed, as a public policy matter, to sell liability insurance to a tavern, representing it provides defense against any bodily injury or property damage suit, then refuse to provide such defense." The problem here is that the Appellants do not claim, nor is there any pleading or summary judgment evidence to the effect, that Appellee or its agent represented that the policy obligated Appellee to provide a defense to any and all suits seeking damages for personal injuries or property damage. They contend that under public policy, the insurer should be required to do something to draw the insured's attention to the fact that the insurer is not obligated to defend all suits against the insured, despite the language requiring a defense even if the suit is "groundless, false or fraudulent." Admittedly, this is an argument, unsupported by citation, of what the law should be. Furthermore, the argument or issue was not raised or asserted by Appellants by appropriate means in the trial court and may not be raised for the first time on appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); Tex.R.Civ.P. 166a(c). Point of Error No. Three is overruled.

The judgment of the trial court is affirmed.