AMERICAN GUARANTEE AND
LIABILITY INSURANCE
COMPANY, Plaintiff,

v.

SHEL–RAY UNDERWRITERS, INC.,
Bunker Hill Insurance Agency, Inc.,
Surplus Underwriters Casualty Insurance Company and Midcontinent General Agency, Inc., Defendants.

Civ. A. No. H–91–2618.

United States District Court,
S.D. Texas,
Houston Division.

March 5, 1993.

**326**

Patricia Kay Dube, Kroll & Tract, H. Lee Lewis, Jr., Griggs & Harrison, Houston, TX, for American Guarantee and Liability Ins. Co.

Jill Annette Schaar, Liddell Sapp Zivley Hill & LaBoon, Houston, TX, for Shel–Ray Underwriters, Inc. and Bunker Hill Ins. Agency, Inc.

Jeffrey Wayne Glass, Houston, TX, for Surplus Underwriters Cas. Ins. Co. and Mid–Continent General Agency, Inc.

### MEMORANDUM

HARMON, District Judge.

Plaintiff American Guarantee and Liability Insurance Company ("AGLIC") brings this action seeking a Declaratory Judgment that it has no duty to defend or indemnify defendants Shel–Ray Underwriters, Inc. ("Shel–Ray"), and Bunker Hill Insurance Agency, Inc. ("Bunker Hill") in a state court action brought by Surplus Underwriters Casualty Insurance Company ("SUCIC") and Mid–Continent General Agency, Inc. Pending before the Court is the Motion for Summary Judgment (Instrument No. 7) submitted by AGLIC and the cross motion for summary judgment submitted by Shel–Ray and Bunker Hill (Instrument No 11). Having considered the motions, the responses, and the applicable law, the Court is of the opinion that AGLIC's motion should be granted.

1. The Court will focus its summary on the *factual* allegations in the complaint, not merely on the *legal* theories asserted, and on the policy terms. In Texas this is commonly referred to as the "eight corners rule." *Cluett v. Medical Protective*

## I. STATEMENT OF FACTS [1]

In 1988 SUCIC started to offer competitive insurance plans to Texas nursing homes. Some of SUCIC's accounts were previously underwritten by Northland/Northfield Insurance Companies ("Northland") whose agent is Bunker Hill. Original Petition at ¶¶ XIII and IV. Ray Thomas, Bunker Hill's founder, fearing competition made false representations to SUCIC in an attempt to garner the position as SUCIC's local recording agent. Thomas allegedly promised SUCIC that the alliance would be mutually beneficial, that SUCIC would receive $700,000.00 in annual premiums, and that Bunker Hill would act fairly and honestly toward SUCIC. Original Petition at ¶¶ XIV & XV. SUCIC alleges that Bunker Hill violated that trust to the extent that SUCIC felt compelled to suspend Bunker Hill's authority to represent it. Bunker Hill then made additional assurances in order to retain their authority to represent SUCIC. Original Petition at ¶ XVII. The petition states that the above mentioned actions were committed prior to December 28, 1988. Rather than mending its ways Bunker Hill then disparaged SUCIC's business reputation by knowingly disseminating false, misleading, and damaging information. Original Petition at ¶¶ XVIII & XIX. Bunker Hill's business practices toward SUCIC were knowingly violative of their agreement and caused SUCIC to terminate Bunker Hill. Original Petition at ¶ XIX. After Bunker Hill was terminated by SUCIC it continued to mar SUCIC's reputation. Bunker Hill allegedly fabricated loss data in order to restrain trade, misrepresented SUCIC's financial solvency, misrepresented the nature of its insurance coverage, and disrupted SUCIC's daily operations. Original Petition at ¶¶ XXI & XXII. SUCIC maintains that the representations made by the defendants were known to be false at the time they were made. Original Petition at ¶ XXXI. Legal action was then instituted; a state court action brought by *Surplus Underwriters Casu-*

Co., 829 S.W.2d 822, 827 (Tex.App.—Dallas 1992, writ denied); *Feed Store, Inc. v. Reliance Ins. Co.,* 774 S.W.2d 73, 75 (Tex.App.—Houston [14th Dist.] 1989, writ denied).

*alty Insurance Company and Mid–Continent General Agency, Inc. v. Shel–Ray Underwriters, Inc., Great Midwest Insurance Company, Bunker Hill Insurance Agency, Inc., Paul Poston, Sheldon Ouster, and Ray Thomas,* Cause No. 90–060868, is currently pending in the 334th District Court of Harris County, Texas.

Shel–Ray and Bunker Hill made several demands on AGLIC to provide a defense to the suit. AGLIC declined.

AGLIC based its decision on its reading of the Texas Special Businessowners Policy, No. TBP 30–60–164–02, it issued to Shel–Ray, Bunker Hill and Memorial General Agency, Inc., which became effective December 28, 1988 and expired December 28, 1989. It is uncontested that the insurance policy contained an "Exclusions" provision. AGLIC now seeks a declaratory judgment to enforce the terms of the policy, including the exclusions, and to declare that it has no obligation to defend or indemnify Shel–Ray or Bunker Hill.

Shel–Ray and Bunker Hill assumed their own defense in the state action and brought a counterclaim in this action for breach of contract, claims under the Texas Deceptive Trade Practices Act and the Texas Insurance Code, breach of good faith, and exemplary damages to recover damages, attorneys' fees and all other costs incurred in connection to the state court suit.

The policy covers certain actions, among others, "personal injury" or "advertising injury," that result in business liability for the insured. The definitions of the terms "personal injury" and "advertising injury" appear in the policy as follows:

F. **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

1. **"ADVERTISING INJURY"** means injury arising out of one or more of the following offenses:

    (a) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

(b) Oral or written publication of material that violates a person's right of privacy;

(c) Misappropriation of advertising ideas or style of doing business; or

(d) Infringement of copyright, title or slogan.

\*    \*    \*    \*    \*    \*

Pl.'s Motion for Summary J.Ex. A at p. 26.

10. **"PERSONAL INJURY"** means injury, other than "bodily injury" arising out of one or more of the following offenses:

    (a) False arrest detention or imprisonment;

    (b) Malicious prosecution;

    (c) Wrongful entry into, or eviction of a person from a room, dwelling or premises that the person occupies;

    (d) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

    (e) Oral or written publication of material that violates a person's right of privacy.

Pl.'s Motion for Summary J.Ex. A at p. 28.

A. **COVERAGES**

1. BUSINESS LIABILITY. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies.....

a. This insurance applies only:

    .    .    .    .    .

    (2) To "personal injury" caused by an offense:

    (a) Committed in the "coverage territory" during the policy period; and

    (b) Arising out of the conduct of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you.

    (3) To "advertising injury" caused by an offense committed:

(a) In the "coverage territory" during the policy period; and

(b) In the course of advertising your goods, products or services.

\* \* \* \* \* \*

Pl.'s Motion for Summary J.Ex. A at p. 18. The following exclusionary provisions are relevant:

## B. EXCLUSIONS

1. **Applicable to Business Liability Coverage**—This insurance does not apply to:

\* \* \* \* \* \*

p. "Personal injury" or "advertising injury":

(1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(2) Arising out of oral or written publication of material whose first publication took place, if done by or at the direction of the insured with knowledge of its falsity;

(3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured;

\* \* \* \* \* \*

q. "Advertising injury" arising out of:

(1) Breach of contract other than misappropriation of advertising ideas under an implied contract;

\* \* \* \* \* \*

Pl.'s Motion for Summary J.Ex. A at p. 22.

In other words, if Shel–Ray or Bunker Hill commits an offense through "oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services" during the "policy period" that either "aris[e] out of the conduct of [their] business" or is committed "in the course of advertising" then it falls within the scope of the policy and AGLIC would have a duty to defend and indemnify. However, the insurance does not apply to, among other things, injuries arising out of the publication of material that is known to be false, or whose

publication took place before the beginning of the policy period, or injuries that arise out of willful violations of a penal statute.

AGLIC contends that since the complaint alleges that Shel–Ray and Bunker Hill knowingly committed fraudulent acts that it is not bound to defend them. The complaint also alleges acts that were executed before the beginning of the policy period and that may be violative of certain penal statutes.

## II. DISCUSSION

### A. Summary Judgment Standard

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Adams,* 836 F.2d 958, 960 (5th Cir.1988). The burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact. *See International Ass'n of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.,* 812 F.2d 219, 222 (5th Cir.1987). A defendant who moves for summary judgment may rely on the absence of evidence to support an essential element of the plaintiff's case *Id.*

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See Celotex,* 477 U.S. at 324–25, 106 S.Ct. at 2553–54. A party opposing a properly supported motion for summary judgment may

not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986). Assertions unsupported by facts are insufficient to oppose a motion for summary judgment. *Williams v. Weber Management Serv.,* 839 F.2d 1039, 1041 (5th Cir.1987). There must be evidence giving rise to reasonable inferences that support the nonmoving party's position. *St. Amant v. Benoit,* 806 F.2d 1294, 1297 (5th Cir.1987). Bare or mere allegations are insufficient. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 79 (5th Cir.1987).

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *Anderson,* 477 U.S. at 254, 106 S.Ct. at 2513. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 254, 106 S.Ct. at 2513. The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir.1987).

B. The Applicable Law

In Texas, an insurer's contractual duty to defend must be determined solely from the face of the pleadings, without reference to any facts outside the pleadings. *Continental Sav. Ass'n v. U.S. Fidelity and Guar. Co.,* 762 F.2d 1239, 1243 (5th Cir.), *amended in part, rehearing denied,* 768 F.2d 89 ([5th Cir.] 1985). The duty to defend arises when a third party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy. *Id.* Whether the policy covers the cause of action alleged must be determined from the contractual terms of the insurance policy. *Whatley v. City of Dallas,* 758 S.W.2d 301, 304 (Tex.App.—Dallas 1988, writ denied). If under the facts alleged, there is a prima facie showing that the claim is not covered under the policy, the insurer has no duty to defend. *Holmes v. Employers Casualty Co.,* 699 S.W.2d 339, 340–41 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

It is well established that insurance policies are to be strictly construed in favor of the insured in order to avoid exclusion of coverage. *Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d 936, 938 (Tex.1984). This is not true, however, when a term in question is susceptible of [sic] only one reasonable construction. *Id.* Language in insurance provisions is only ambiguous if the court is uncertain as to which of two or more meanings was intended. *Entzminger v. Provident Life & Accident Ins. Co.,* 652 S.W.2d 533, 535 (Tex.App.—Houston [1st Dist.] 1983, no writ).

*Houston Petroleum Co. v. Highlands Ins. Co.,* 830 S.W.2d 153, 155 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

As stated, we must liberally construe the allegations in the third-party complaint to determine if they fall within the provisions of the insurance polic[y]. *Heyden [Newport Chem. Corp. v. Southern Gen. Ins. Co.],* 387 S.W.2d [22] 26 [(Tex.1965)], *Mary Kay Cosmetics, Inc. v. North River Ins. Co.,* 739 S.W.2d 608, 612 (Tex.App.—Dallas 1987, no writ). If there is any doubt about whether the allegations reflect a potential liability, such doubt must be resolved in favor of the Insured. *Mary Kay,* 739 S.W.2d at 612. However, we must focus our review on the *factual* allegations in the complaint, not on the *legal* theories asserted. *Continental Casualty Co. v. Hall,* 761 S.W.2d 54, 56 (Tex.App.—Houston [14th Dist.] 1988, writ denied), *cert. denied,* 495 U.S. 932, 110 S.Ct. 2174, 109 L.Ed.2d 503 (1990). Unless the petition alleges *facts* within the coverage of the policies, the Insurers have no duty to defend. *Fidelity & Guar. Ins. Underwriters v. McManus,* 633 S.W.2d 787, 788 (Tex. 1982); *Holmes v. Employers Casualty Co.,* 699 S.W.2d 339, 340–41 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

*Terra International, Inc. v. Commonwealth Lloyd's Ins. Co.,* 829 S.W.2d 270, 272 (Tex. App.—Dallas 1992, writ denied) (emphasis in original).

It is obvious from the terms of the original petition that some of the acts of which SU-CIC complains occurred before the beginning of the coverage period. More importantly, the original petition is replete with allegations that Bunker Hill knowingly made statements that it knew were false. The insurance coverage does not apply to this fact situation since the third-party lawsuit arises out of allegedly fraudulent statements that were knowingly made. The insurance agreement and exclusion are apparently not ambiguous.

"Insurance policies are contracts, and their constructions are governed by ordinary contract principles. *Gomez v. Hartford Co. of the Midwest,* 803 S.W.2d 438, 441 (Tex. App.—El Paso 1991, writ denied) (citing *U.S. Fire Insurance Company v. Aetna Casualty & Surety Company,* 781 S.W.2d 394, 398 (Tex.App.—Houston [1st Dist.] 1989, no writ)).

Texas law is clear. "Before resorting to the rules of construction, the court must first determine whether an ambiguity does in fact exist." *Gomez v. Hartford Co. of the Midwest,* 803 S.W.2d at 441–42 (quoting *Glover v. National Insurance Underwriters,* 545 S.W.2d 755, 761 (Tex.1977)). "The courts will enforce an unambiguous instrument as written; and in an ordinary case, the writing alone will be deemed to express the intention of the parties." *Sun Oil Company (Delaware) v. Madeley,* 626 S.W.2d 726, 728 (Tex. 1981). *See also Cherokee Water Company v. Forderhause,* 641 S.W.2d 522 (Tex.1982); *Aetna Life and Casualty Company v. Gunn,* 628 S.W.2d 758 (Tex.1982).

■ If an instrument has certain and definite meaning then it is not ambiguous and the Court must construe the instrument according to its terms. *Coker v. Coker,* 650 S.W.2d 391, 392 (Tex.1983). This Court must ascertain the true intentions of the parties as expressed in the instrument. *Id.*

■ The admission of explanatory extrinsic evidence depends on whether the court finds as a matter of law that a written instrument is ambiguous. *Isbell v. Williams,* 738 S.W.2d 20, 24 (Tex.App.—Texarkana 1987, writ ref'd n.r.e.); *Reilly v. Rangers Management, Inc.,* 727 S.W.2d 527, 527 (Tex.1987); *O'Shea v. Coronado Transmission Co.,* 656 S.W.2d 557, 561 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

■ The interpretation of an instrument becomes a fact issue for the jury only when, after application of the pertinent rules of construction, there remains a genuine uncertainty as to which of two meanings is proper. *Harris v. Rowe,* 593 S.W.2d 303, 306 (Tex. 1979). This is so as Texas courts have repeatedly declared that the question of whether an instrument is ambiguous is one of law for determination by the court. *See e.g., R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 518–19 (Tex.1980); *Coker v. Coker,* at 394.

There are other meanings of ambiguity. An instrument may be ambiguous if its meaning is "uncertain and doubtful." *Skyland Developers, Inc. v. Sky Harbor Associates,* 586 S.W.2d 564, 568 (Tex.Civ.App.— Corpus Christi 1979, no writ); *Walter E. Heller & Co. v. Allen,* 412 S.W.2d 712, 718 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.) (guarantor liability). A written instrument may be ambiguous if it is "difficult to comprehend or distinguish, [or] of doubtful import," as there is "doubt as to [its] true meaning." *See San Antonio Life Insurance Co. v. Griffith,* 185 S.W. 335 (Tex. Civ.App.—Fort Worth 1916, no writ); *O'Shea v. Coronado Transmission Co.,* 656 S.W.2d at 561; *see also Goff v. Southmost Sav. & Loan Ass'n,* 758 S.W.2d 822, 825 (Tex.App.—Corpus Christi 1988, writ denied).

The principal purpose of contract construction is to ascertain the intentions of the parties. Therefore, contracts must be construed from a "utilitarian standpoint bearing in mind the particular business activity sought to be served." *Neece v. A.A.A. Realty Co.,* 159 Tex. 403, 322 S.W.2d 597, 602 (1959); *see also Skyland Developers Inc. v. Sky Harbor Associates,* 586 S.W.2d at 570.

■ Courts must give effect to the objective, not subjective, intent of the parties as it is expressed in writing, as that intent controls the instrument's construction. *Westwind Exploration, Inc. v. Homestate Sav. Ass'n,* 696 S.W.2d 378, 382 (Tex.1985).

■ This Court must harmonize and give effect to all the provisions of the instrument so that none of the writing will be meaningless. *Chapman v. Orange Rice Milling Co.,* 747 F.2d 981, 983 (5th Cir.1984); *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154, 158 (1951). If the provisions in the instrument appear to conflict, they should be adapted to reflect the true intentions of the parties. *Ogden v. Dickinson State Bank,* 662 S.W.2d 330, 332 (Tex.1983). This Court must give weight to each portion of the instrument unless there is an irreconcilable conflict. *Id.* Moreover, no single provision taken alone will be given controlling effect; rather, all provisions must be considered with reference to the whole instrument. *Coker v. Coker,* 650 S.W.2d at 393; *Bush v. Brunswick Corp.,* 783 S.W.2d 724, 728 (Tex.App.—Fort Worth 1989, writ denied).

An otherwise unambiguous insurance policy is not rendered ambiguous simply because a proper understanding required the insured to read it thoroughly and carefully. *LaBatt Company v. Hartford Lloyd's Insurance Company,* 776 S.W.2d 795 (Tex.App.—Corpus Christi 1989, no writ). Likewise, a policy is not ambiguous because it does not comport with the coverage desired by the insured. *Guthrie v. Republic National Insurance Company,* 682 S.W.2d 634, 640 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Where

provisions of the contract are clear and free from ambiguity, the interpretation of the parties is immaterial. *Ussery Investments v. Cannon & Carpenter, Inc.,* 663 S.W.2d 591, 593 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd).

*Gomez v. Hartford Co. of the Midwest,* 803 S.W.2d at 442.

■ Much like the court in *Houston Petroleum* considering the scope of similar clauses and definitions, this Court finds that these statements, as alleged in SUCIC's petition, fall within the exceptions to policy coverage. *See Houston Petroleum Co. v. Highlands Ins. Co.,* 830 S.W.2d at 156–57. The exclusion contains language that unambiguously states that AGLIC would not insure for injury if done by or at the direction of the insured with knowledge of its falsity. *See Daca, Inc. v. Commonwealth Land Title Ins. Co.,* 822 S.W.2d 360, 363–64 (Tex.App.—Houston [1st Dist.] 1992, writ denied) (no duty to defend where underlying suit is based on fraud); *cf. Decorative Center of Houston v. Employers Cas. Co.,* 833 S.W.2d 257, 260 (Tex.App.—Corpus Christi 1992, writ denied) ("Public policy prohibits permitting an insured to benefit from his own wrongdoing" in that " 'one should not be able to insure against one's own intentional misconduct.' "). Since SUCIC's petition alleges causes of actions based on knowingly fraudulent statements and since AGLIC's duty to defend and indemnify is based on the allegations of the complaint [2] when viewed in light of the insurance policy, AGLIC is clearly entitled to a declaratory judgment. *Houston Petroleum Co. v. Highlands Ins. Co.,* 830 S.W.2d at 156; *see also Puckett,* 678 S.W.2d at 938.

---

**2.** It should be noted that the parties to this action have focused their examination on the causes of action set forth in the petition. To the extent that a review of the causes of action is necessary it is clear that SUCIC's claims of breach of fiduciary duty and common law fraud stem from the allegations that Bunker Hill made knowingly false statements. No duty to defend or indemnify arises from the allegations contained in those causes of action.

With respect to SUCIC's allegation of antitrust violations AGLIC need not defend that claim because it also constitutes a violation of a penal statute. *Decorative Center of Houston v. Employ-*

*ers Cas. Co.,* 833 S.W.2d at 263 (allegation of intentional trespass action in tort allowed insurer to deny duty to defend since the allegation was sufficient for the insurer to conclude that the behavior violated a penal statute precluding all available coverage). Alternatively, it is clear that antitrust claim is predicated on the underlying allegations that Bunker Hill made knowingly false statements to SUCIC's prospective clients. Original Petition at ¶¶ XXXII–XXXIII ("SUCIC and Mid–Continent reallege and incorporate paragraphs II and XXV as if fully set forth at length.").

■ Bunker Hill cannot complain that it was ignorant of, or mistaken about the contents of the exclusion, or failed to read it before accepting it where it accepted the agreement that clearly states that it was agreed and understood by the insured. *Heritage Manor of Blaylock Properties, Inc. v. Petersson,* 677 S.W.2d 689, 691 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) (insured has the duty to read the policy and is bound by its terms, insured is charged with the conditions of coverage); *see generally Torchia v. Aetna Cas. & Sur. Co.,* 804 S.W.2d 219, 222–24 (Tex.App.—El Paso 1991, writ denied) (a settlement contract where claimant released insurer and court determined settlement was fair).

## III. CONCLUSION

This Court, having considered all the issues presented concludes, for the reasons set for the above, that AGLIC's motion for summary judgment should be granted, AGLIC is entitled to its declaratory judgment.

### FINAL JUDGMENT

In accordance with the memorandum of even date it is ordered that AGLIC's motion for summary judgment is hereby GRANTED. It is further

**ORDERED** that this **DECLARATORY JUDGMENT** be rendered that AGLIC has neither a duty to defend nor duty to indemnify the Shel–Ray Underwriters, Inc., or Bunker Hill Insurance Agency, Inc., in the state suit numbered Cause No. 90–060868, that is currently pending in the 334th District Court of Harris County, Texas. It is further

**ORDERED** that the cross motion for summary judgment submitted by Shel–Ray and Bunker Hill is hereby **DENIED.** Since the Court has determined that AGLIC has neither a duty to defend nor indemnify Shel–Ray and Bunker Hill their counterclaims are hereby **DISMISSED.**