# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2024

Lyle W. Cayce
Clerk

No. 24-10110

Johnetta Askew Hunt,

*Plaintiff—Appellant*,

*versus*

Meridian Security Insurance Company,

*Defendant—Appellee*.

─────────────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-441

─────────────────────────────────────

ON PETITION FOR REHEARING

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

We withdraw our prior opinion, *Askew Hunt v. Meridian Sec. Ins. Co.*, 24-10110 (5th Cir. Nov. 15, 2024), and substitute the following.

On June 16, 2020, Johnetta Askew Hunt purchased a property in Dallas, Texas. On June 27, 2020, she entered into a homeowner's insurance

───────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

policy with Meridian Security Insurance Company. The policy had a backdated effective date of June 16, 2020.

The policy provided coverage for the dwelling, other structures, personal property, and loss of use. Under the terms of the policy, dwelling coverage extended only to the dwelling on the "residence premises." Coverage for other structures likewise extended to structures on the "residence premises" set apart from the dwelling. Loss of use coverage was available only if part of the "residence premises" is not fit to live in. Thus, for the coverages (except personal property) to apply, the property must be "residence premises."

The policy defined "residence premises" as the dwelling, structures and grounds at the location where Askew Hunt resided "on the inception date of the policy period shown in the declaration." The inception date of the policy period was June 16, 2020.

Askew Hunt submitted a claim to Meridian in February 2021, claiming water damage to the property from burst pipes during a historic winter freeze. Meridian issued payment of $67,319.78 on March 30, 2021. Several months later, Askew Hunt contacted Meridian again, now claiming that her losses were in the hundreds of thousands of dollars. After some back and forth and continued investigation into the claim, Meridian requested Askew Hunt submit to an exam under oath. There, she stated that she began sleeping at the property "[f]rom about July" — "a couple of weeks" after she bought the property in June 2020. When asked when she started living at the property, she stated: "I moved all my stuff over in November 2020."[1] She

---

[1] Confusingly, Askew Hunt corrected her testimony after-the-fact to state that: "I started living at [the property] around July 2021." Regardless, even assuming that the earlier July 2020 and November 2020 dates are correct, Askew Hunt did not reside on the property on the inception date, as required by the policy.

also testified that she did not have utilities in her name until then and referred to November as when she "started living there full time." This was well after the policy's inception date.

While Meridian continued to investigate the claim, Askew Hunt, proceeding *pro se*, sued Meridian in state court in February 2023. Meridian removed to federal court.

The district court granted summary judgment in favor of Meridian based on the uncontroverted evidence that Askew Hunt did not reside on the property on June 16, 2020, the inception date of the policy. It held that, because Askew Hunt did not reside there on the inception date, under the plain language of the policy, the property did not meet the definition of "residence premises," so coverage for dwelling, other structures, and loss of use was unavailable.

Askew Hunt now appeals that decision. She does not dispute that the plain language of the policy bars coverage. Instead, she presents just one argument—that the district court's interpretation of the policy should be reversed because it leads to a result that is "unreasonable, inequitable, and oppressive."

However, our caselaw is clear that the district court correctly interpreted the policy. Our decision in *GeoVera Specialty Ins. Co. v. Joachin* is squarely on point.[2] 964 F.3d 390, 393 (5th Cir. 2020). There, we interpreted a homeowner's policy that, like Askew Hunt's policy, covered only the dwelling on the "residence premises," defined as "where you reside . . . on the inception date of the policy period." *Id.* We held that this policy language

---

[2] *GeoVara* dealt with Louisiana law. 964 F.3d at 393. But we have observed that Louisiana law does not "pertinent[ly] differ[] [from] Texas law . . . with respect to interpreting insurance policies." *Aggreko, L.L.C. v. Chartis Specialty Insurance Co.*, 942 F.3d 682, 688 (5th Cir. 2019).

was "clear and explicit" that no coverage existed when the insured did not reside on the property on the inception date, and such a result was not absurd or unreasonable. *Id.* at 393–95.

Likewise, Askew Hunt's own testimony indisputably showed that she did not reside at the house on the inception date of her policy. Thus, under the clear and explicit language of the policy, there was no coverage.

True, *GeoVara* differed from Askew Hunt's case because the *GeoVara* plaintiffs *never* resided on the property, whereas Askew Hunt eventually moved in and was residing on the property when the damage occurred. *See id.* at 394. And we expressed "concerns" in *GeoVara* about a situation like this where, for example, "if the insured moves in on Day 2 of the policy, there is no coverage for a fire occurring on Day 365." *Id.*

But, despite these concerns, we still held that the "restrictive inception-date requirement does not rise to the level of absurdity." *Id.* at 394. Rather, the specific reside-at-inception requirement like the one in Askew Hunt's policy "makes perfect sense for a homeowner who purchases it while already living in the home." *Id.* at 395. "Just as a policy requiring ownership would not become absurd if a renter mistakenly purchased it, the reside-at-inception policy is not absurd because the insureds who had yet to move in [mistakenly] purchased it." *Id.* Further, this result is not oppressive or unreasonable because Askew Hunt is not without a remedy—she may still be entitled to recover damages from the agent who procured the wrong policy on her behalf. *See id.*

"Contract provisions should be interpreted so as to avoid meanings that produce unreasonable, oppressive, or absurd results in favor of meanings that render the operation of the contract fair and reasonable." *Cont'l Sav. Ass'n v. U.S. Fid. & Guar. Co.*, 762 F.2d 1239, 1245 (5th Cir.) (citing *King v. Brevard*, 378 S.W.2d 681, 683–84 (Tex. App.—Austin 1964, writ ref'd

4

n.r.e.); *Hicks v. Smith*, 330 S.W.2d 641, 646 (Tex. App.—Ft. Worth 1959, writ ref'd n.r.e.)), *amended on reh'g on other grounds*, 768 F.2d 89 (5th Cir. 1985). Askew Hunt hasn't provided an alternative, fairer reading than the clear language of the policy, and under our binding precedent, the result reached by the district court is not absurd or unreasonable.

Meridian cannot be liable for coverage it did not agree to provide. The decision of the district court granting summary judgment to Meridian is AFFIRMED.